314 So.2d 140 (1975)
Roderick J. RIDAUGHT, Appellant,
v.
DIVISION OF FLORIDA HIGHWAY PATROL, a Division of Department of Highway Safety and Motor Vehicle, an Agency of the State of Florida, Appellee.
No. 46104.
Supreme Court of Florida.
June 11, 1975.
*142 Earl B. Hooten, III, the Law Offices of S. Perry Penland, Jacksonville, for appellant.
Edwin E. Strickland, Gen. Counsel, and Enoch J. Whitney, Tallahassee, Asst. Gen. Counsel, for appellee.
MASON, Circuit Judge.
This is a direct appeal from an order of the Circuit Court of Leon County denying the petition of appellant herein, petitioner therein, for writ of mandamus to the appellee herein, respondent therein, seeking to compel appellee to reinstate appellant as a trooper of the Florida Highway Patrol. In denying the petition for mandamus the trial court passed upon the constitutionality of Florida Statute 112.043. We have jurisdiction under the provisions of Article V, Section 3(b)(1) of the 1968 Constitution of Florida, as amended by S.J.R. 52-D, 1971, adopted 1972.
The salient facts of this case are as follows: Appellant was employed by the Florida Highway Patrol in 1957 and achieved permanent status after one year's service as a trooper. He remained in that position until September, 1966, at which time he resigned rather than accept a transfer to another duty station. He engaged in private employment until January, 1968, when he submitted a letter of request for reinstatement. He was reinstated as a trooper and remained as such until June of 1970, when he resigned again to accept an appointment by the Governor to fill a vacancy in the office of constable. He occupied that office until defeated in the general election of 1970. He resumed private employment after losing the office of constable, and in February, 1971, he applied for reinstatement with appellee, relying upon the provisions of Florida Administrative Code Section 22A-7.05, which states that when an employee holding permanent status in the career service (under which the Florida Highway Patrol is administered, Section 110.051, Florida Statutes) is separated from the service in good standing he may obtain reinstatement appointment to any position in the class to which he previously obtained permanent status. The appellee denied his application for reinstatement on March 10, 1971, because at the time of his application appellant was seven months over the 35 year age limit prescribed by the career service rules governing the employment and tenure of members of the Florida Highway Patrol, which rules were promulgated by the then Department of Public Safety pursuant to Section 321.06, Florida Statutes. Prior to the denial of his application for reinstatement appellant, on March 1, 1971, requested the return to him of all contributions which had accrued to his credit in the Retirement Fund of the state. On May 19, 1971, after denial of his application for reinstatement, the Personnel Director of the Department of Highway Safety and Motor Vehicles forwarded to appellant a state warrant in the amount of $4,148.14, representing a refund of his said contributions.
After being denied reinstatement as requested appellant, on October 8, 1973, filed in this court a petition for mandamus to be directed to appellee requiring his reinstatement. We denied the petition on November 6, 1973, without prejudice.
Subsequently, on February 25, 1974, appellant filed his petition in the circuit court seeking the relief, denial of which by that court constitutes the reason for this appeal.
Before considering the merits of this case we must first dispose of a jurisdictional question. The appellee, Division of Florida Highway Patrol, contends that the circuit court did not have jurisdiction to entertain appellant's petition for writ of mandamus, claiming that such court does *143 not have jurisdiction to entertain mandamus proceedings to compel it, a state agency, to review the action of appellee in refusing to re-employ or reinstate appellant to such employment. This contention is predicated upon the premise that the Career Service Commission created by Chapter 110, Florida Statutes, has the sole power to hear all appeals arising under said chapter or from the rules adopted by the Department of Administration governing the promotion, demotion, reassignment, separation, reinstatement, employee performance evaluations, status, grievances, and appeals of employees in the career service. We reject this contention for the simple reason that at the time appellant sought to be reinstated or re-employed he was not an employee of the career service of the state of Florida. After he resigned his position with the Florida Highway Patrol he was no longer an "employee ... in the career service" within the contemplation of Section 110.022(1)(g). He, therefore, had no right of appeal to the Career Service Commission to grant him relief from the alleged unlawful refusal of the appellee to re-employ him. The term "reinstatement" as used in said subsection (1)(g) has reference only to a career service employee who has either been suspended, demoted or fired from his position, not to a former employee who seeks re-employment in the service.
The appellant sought to invoke the original jurisdiction of the circuit court  not its appellate jurisdiction as seems to be the position of the appellee. Appellant sought to have enforced in the trial court a legal right to which he claims he was entitled. The fact that the trial court determined that he did not have such a right does not negate his right to invoke the court's jurisdiction to determine the question. Mandamus is an original action as distinguished from an appellate one. 21 Fla.Jur.Mandamus, Section 4, page 315. The Constitution of Florida provides that the courts shall be open to every person for redress of any injury. Art. I., Declaration of Rights, Section 21, 1968 Constitution of Florida. We, therefore, hold that the trial court had jurisdiction to hear and determine this cause, and we now pass on to a consideration of the merits of the case.
The trial court denied the petition for writ of mandamus holding, in effect, that appellant had not established the clear legal right to re-employment with the Florida Highway Patrol. We agree.
Appellant contends that the refusal of the Patrol to re-employ him amounted to an unconstitutional discrimination against him because of his age. He claims that the requirement of Section II-A-5 of the Civil Service Rules Governing the Employment and Tenure of members of the Florida Highway Patrol to the effect that all applicants for troopers or patrolmen must be less than 35 years of age unlawfully discriminates against him. He further alleges that under the provisions of Florida Administrative Code Section 22A-7.05 he was entitled to reinstatement appointment in the Patrol at any time within two years after he was separated from the service and the denial of such appointment by the Florida Highway Patrol was a violation of said rule. Finally, he contends that Section 112.043, Florida Statutes, which permits age discrimination in employment to positions within the state government where age restrictions have been established through published specifications is unconstitutional under the 14th Amendment to the Constitution of the United States, and denies to him the equal protection guaranteed to him by that Amendment. We reject all such contentions.
At the outset in resolving the question as to whether appellant has been unconstitutionally discriminated against because of his age, we must determine whether the Florida Highway Patrol is justified in fixing a maximum age limit beyond which, all the other qualifications *144 being equal as to applicants, it may say that it will not employ a person who has reached the age which is beyond such maximum. We conclude that it is so justified because of the particular nature of the duties required of patrolmen in that service. We take judicial knowledge of the character of such duties as requiring special attributes of agility, alertness, and dexterity necessary in the patrolling of the highways of the state, and in dealing with persons violating the traffic laws of the state. Such an age limit has, therefore, a reasonable relevance to the purpose for which the classification is made. And we are not authorized to substitute our judgment as to what age beyond which it may be said that a person does not have such special attributes for the judgment of those administrative officers charged with the responsibility of selecting persons for such purposes. The Equal Protection Clause of the Federal Constitution, it is true, imposes a requirement of some rationality in the nature of the class of persons singled out for special treatment, but the constitutional demand is not a demand that a statute or rule necessarily apply equally to all persons. "The Constitution does not require things which are different in fact ... to be treated in law as though they were the same." Tigner v. State of Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124. Hence, legislation may impose special burdens upon defined classes in order to achieve permissible ends. Therefore, taking into account the purpose of the maximum age limit as being one to achieve maximum qualifications in the nature of agility, alertness and dexterity in the performance of the duties of a highway patrolman, we cannot say that the rule works an arbitrary or invidious discrimination between applicants who are 35 years of age or over and those who are less than 35 years of age (See McLaughlin v. State of Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222, headnote 3, for the criteria as defined by the Supreme Court of the United States which must be applied in determining whether a state statute or rule with reference to classifications is violative of the Equal Protection Clause).
Section 112.043, Florida Statutes is as follows:
"112.043 Age Discrimination: It shall be the public policy of the state that no officer or board, whether state or county, shall discriminate in the employment of any person solely on the basis of age. Persons who apply for employment with the state or any county of the state shall be selected on the basis of training, experience, mental and physical abilities, and other selection criteria established for the position. Unless age restrictions have been specifically established through published specifications for a position, available to the public, the employing authority shall give equal consideration to all applicants, regardless of age." (Emphasis supplied).
The appellant contends that the underscored language of the statute makes the statute unconstitutional as applied to applicants for employment or reinstatement in the Florida Highway Patrol. We do not agree and hold such statute constitutional as applied to the appellant.
At the time of appellant's application for reinstatement there was in effect an age restriction as to applicants for the position of highway patrolman. Section II-A-5 of the Civil Service Rules governing the employment and tenure of members of the Patrol requires all applicants to be at least 21 years of age and less than 35 years of age. Such age restriction had been specifically established through published specifications for the position of highway patrolman set forth in rules promulgated by the Department of Public Safety pursuant to authority granted it by Section 321.06, Florida Statutes. Thus appellant was put on notice of this requirement *145 at the time of his application. For the reasons set forth above we hold that such requirement is a valid one and does not unconstitutionally discriminate against appellant in violation of the 14th Amendment to the Constitution of the United States. There is no contention here that there has been any discrimination as between any persons falling within these age limitations, or that appellant has thus been treated any differently than any other applicant for the position of patrolman who falls within such age limitations. We have carefully read and considered the authorities cited by appellant's counsel in support of this contention and find none of them relevant to this issue. We agree with the trial court in his holding the statute constitutional as applied to appellant.
Finally, appellant relies upon the provisions of Florida Administrative Code Section 22A-7.05. This rule is as follows:
"An employee who held permanent status in any class in the Career Service prior to separation may be given a reinstatement... ." (Emphasis supplied).
It is clearly apparent that it lies within the reasonable discretion of the Patrol  the appointing authority  to reinstate or not. And in view of the fact that appellant had passed the maximum age limit for employment with the Patrol under its rule which we have herein declared to be a valid rule, coupled with the fact that appellant voluntarily resigned from the service two times previously, we hold that the Patrol did not abuse its permissible discretion by refusing to reinstate him.
Appellant has failed to demonstrate the existence of a clear legal duty imposed by rule or statute upon the Florida Highway Patrol to reinstate him to his former position from which he had voluntarily separated himself to seek political fortune elsewhere. The trial judge was eminently correct in denying appellant's petition for writ of mandamus, and his judgment should be, and it is,
Affirmed.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON, ENGLAND and DREW (Retired), JJ., concur.