OVERTON, Justice.
Petitioner, by a writ of certiorari, requests review of a circuit court’s order upholding the constitutionality of section 823.-06, Florida Statutes (1977). The statute requires that all doors of buildings used for public entertainment must open outwardly.[1] We have jurisdiction.[2]
Petitioner, Alvin Fischer, is the owner of a public entertainment facility. He was charged by information with failing to have the doors of his establishment open outwards, a third degree felony under section 823.06. Petitioner alleged at trial that the statute was unconstitutional on two grounds.
Petitioner first contends that the statutory classification of buildings used for public entertainment was invidiously discriminatory, thus violating the fourteenth amendment equal protection clause. The statute is alleged to be irrational in that it applies only to places of public entertainment while imposing no criminal sanctions for a similar condition in a department store, office building, or other establishment predictably subject to large crowds and high population density.
The classification scheme appears to this Court to rest upon differences fairly and substantially related to the object of the legislation. Soverino v. State, 356 So.2d 269 (Fla.1978); Gammon v. Cobb, 335 So.2d 261 (Fla.1976). The owners of public entertainment facilities are required to provide doors which open outwardly to facilitate the escape of large crowds in an emergency situation such as a fire. There can be no argument that an outward opening door is the safer exit under emergency conditions; the statutory requirement is rationally related to the objective of public safety. The legislature has deemed application of this safety requirement to public entertainment facilities more important than to other types of establishments. The characteristics of public entertainment facilities in terms of crowd size and density are not identical to other types of facilities; the legislature is not forced to treat them as equivalents. Ridaught v. Division of Highway Patrol, 314 So.2d 140 (Fla.1975). The special burden imposed by such classification is not invidious or arbitrary.
Petitioner further alleges that a felony sanction is too drastic a penalty to be imposed for the incorrect positioning of a door, and as such it constitutes an eighth amendment violation as cruel and unusual punishment. We find that the statutory penalty of third-degree felony for this offense is not cruel and unusual punishment. *949 Cognizant of the tragic consequences which might arise in the event of a fire or other emergency in a place of public entertainment were the statute not complied with, the legislature has provided those sanctions it feels appropriate to ensure compliance.
The order of the trial court is affirmed.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.

. All buildings erected in this state for theatrical, operatic, or other public entertainments of whatsoever kind shall be so constructed that the shutters to all entrances to said building shall open outwardly and be so arranged as to readily allow any person inside said building to escape therefrom in case of fire or other accident. Any owner, manager, lessee, or other person having charge of any public building for the use expressed herein who fails to comply with the provisions of this section shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

. Art. V, § 3(b)(3), Fla.Const.