Obed COLON, et al., Plaintiffs,

v.

CITY OF NEW YORK, et al.,
Defendants.

Bruno J. SELISTE, Plaintiff,

v.

The CITY OF NEW YORK, Defendant.

Glenn H. GNEISS, Plaintiff,

v.

The CITY OF NEW YORK, Defendant.

Leroy JONES, Jr., Plaintiff,

v.

CITY OF NEW YORK, Commanding Officer, New York City Transit Police Dept., Applicant Investigation Unit, 346 Broadway, New York, New York, Defendants.

Nos. 80 Civ. 1580 (PNL), 81 Civ. 4979 (PNL), 81 Civ. 7023 (PNL) and 81 Civ. 7526 (PNL).

United States District Court,
S. D. New York.

March 24, 1982.

Leonard H. Rubin, New York City, for Colon and Seliste.

Daniel E. Clifton, New York City, for Gneiss.

Leroy Jones, Jr., pro se.

Thomas W. Bergdall, New York City, for City of New York. Howard L. Zwickel, New York City, for State of N. Y.

George S. Grupsmith and Richard K. Bernard, Brooklyn, N. Y., for NYCTA..

## OPINION AND ORDER

LEVAL, District Judge.

These are actions brought under 42 U.S.C. § 1983 for declaratory, injunctive, and monetary relief. The common claims of these actions are that defendants have violated plaintiffs' rights under the equal protection clause of the Fourteenth Amendment,[1] and N.Y.Exec.Law § 291(1)[2] by refusing to hire them because of their age. At issue is the constitutionality of N.Y.Civ. Serv.Law § 58(1)[3] and N.Y. City Adminis-

---

1. The *Colon* complaint also includes a Thirteenth Amendment claim, which has not been addressed by the summary judgment papers.

2. "The opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sex or marital status is hereby recognized as and declared to be a civil right." N.Y.Exec.Law § 291(1) (McKinney Supp. 1981). This claim has not been pressed in plaintiffs' papers. Section 58(1) has been held not to violate N.Y.Exec.Law § 291(1). *Sica v. County of Nassau*, No. 81–3497, slip op. at 9–10 (E.D.N.Y. Mar. 9, 1982); *see Knapp v. Monroe County Civil Service Commission*, 77 A.D.2d 817, 437 N.Y.S.2d 136 (1980) (§ 58 does not violate N.Y.Exec.Law § 296(3–a) (prohibiting age discrimination in hiring)); *Figueroa v. Bronstein*, 38 N.Y.2d 533, 344 N.E.2d 402, 381 N.Y.S.2d 470, *appeal dismissed*, 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67 (1976) (Civil Service Commission's 32-year age limit does not violate N.Y.Const. art. V, § 6 (merit appointment requirement) or state equal protection clause).

3. Section 58(1) provides in part:
Notwithstanding any other provision of this law or any general, special or local law to the contrary, no person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer of the capital police force of the state office of general services after June first, nineteen hundred seventy-eight, or as a police officer of any police force or police department of any county, city, town, village, housing authority or police district unless he shall satisfy the following basic requirements: (a) he is not less than twenty nor more than twenty-nine years of age, provided, however, that the time spent on military duty or on terminal leave, not exceeding a total of six years, shall be subtracted from the age of any applicant who has passed his twenty-ninth birthday as provided in subdivision ten-a of section two hundred forty-three of the military law, and provided further, however, that prior to June thirtieth, nineteen hundred seventy-two, the maximum qualifying age provided hereunder shall be determined as of the date when the applicant takes the written examination.

trative Code § 434a–8.0(a).[4] The *Colon* action also alleges that its plaintiffs were discriminated against because of race due to defendant City's use of an invalid employment test in 1973. Plaintiffs in *Colon* move for summary judgment. Defendants in *Colon, Seliste,* and *Gneiss* cross-move for summary judgment. It is unclear whether defendants in *Jones* have been served.[5]

*Facts*

### Colon v. City of New York:

The facts in the *Colon* action are decidedly more complex than those in the other three actions. In January 1973, each of the *Colon* plaintiffs took and passed a written examination for appointment to the New York City Housing Authority Police Department. Plaintiffs allege and defendants do not contest that the minimum passing score was seventy and that all those who achieved such a score or higher were placed on an eligibility list in the order of their scores. Because the percentage of whites at the top of the list was higher than the percentage of Hispanics and blacks in those positions, a disproportionately high number of whites were appointed to positions as Housing Authority Patrolmen. There is disagreement among the parties on how many of the plaintiffs took and passed medical and other examinations between 1973 and 1979. What is undisputed is that during this period none of the plaintiffs was hired by defendant City. At the time of the written examination, the plaintiffs were of the following ages (birth dates are given parenthetically): Colon—25 (9/15/48); Fanara—25 (11/28/47); Gonzales—23 (1/18/50); Ramos—26 (11/18/46); Santiago—28 (8/2/45); and Soriano—28 (10/12/44).[6] Complaint ¶ 11.

This eligibility list was scheduled to terminate in August 1977, but was extended by the New York state legislature. In 1979, all the *Colon* plaintiffs were notified to appear to assist in a process of further investigation and examination. Although approximately thirty-eight candidates were

N.Y.Civ.Serv.Law § 58(1) (McKinney Supp. 1981).

4. Section 434a–8.0 provides: "Only persons shall be appointed patrolmen who shall be at the date of the filing of an application for civil service examination less than 29 years of age." N.Y. City Administrative Code § 434a–8.0 (1976). Defendant City is authorized to promulgate such a requirement by N.Y.Civ. Serv.Law § 54, which provides in relevant part:

> Nothing herein contained, however, shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive examinations for positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law. Minimum age requirements shall in no case prohibit an applicant who is within six months of the minimum age requirement from taking any competitive examination.

N.Y.Civ.Serv.Law § 54 (McKinney Supp. 1981).

5. Plaintiff filed a complaint on December 3, 1981. Defendant asserts that it has never been served with a summons and that its check revealed that the summons had not been delivered to the United States Marshal for service. Letter to Judge Leval from George Grupsmith, Associate Attorney, New York City Transit Authority (Dec. 30, 1981).

In *Jones*, plaintiff took and passed an examination for a position as a transit patrolman in the New York City Transit Police Department in March 1980. In August and October of 1981, plaintiff took and passed the physical and medical examinations. A background investigation was also begun during this period. Defendants notified plaintiff on November 4, 1981, that he had failed to meet the age requirement of N.Y. City Administrative Code § 434a–8.0. Plaintiff was born on February 19, 1949, Affidavit of George Grupsmith (exhibit A: plaintiff's application), and therefore was thirty-one at the time he took the examination.

In December of 1981, plaintiff moved for a preliminary injunction directing defendant to continue its background investigation of plaintiff and to admit plaintiff to the New York City Transit Police Training Academy. In its opposition papers, defendant claimed that there are several "elements of plaintiff's personal history" that may disqualify him. Affidavit of George Grupsmith ¶ 7. On defendant's undertaking to continue the background investigation, plaintiff's motion was denied on December 10, 1981.

6. N.Y.Civ.Serv.Law § 58(1)(a) permits the following deductions for military service: plaintiff Ramos—two years; and plaintiff Santiago—three or more years by reason of two years active reserve duty and three years active service.

appointed to the New York City Housing Authority Police Department, all of the plaintiffs were rejected because each was twenty-nine years of age or older. The parties do not agree on whether the plaintiffs were otherwise qualified at that time.[7]

The *Colon* action was filed on March 19, 1980. An amended complaint was filed in August 1980 and answered in October 1980.[8] In July of the new year, motions were granted to substitute plaintiffs' counsel, to amend the complaint to include a second cause of action that seeks invalidation of N.Y.Civ.Serv.Law § 58(1), and to grant leave to the Attorney General of New York to intervene as a defendant for the limited purpose of defending the constitutionality of section 58(1). Plaintiff's new counsel withdrew a motion for class certification, and the court directed that plaintiffs' summary judgment motion be held in abeyance. *Colon v. City of New York*, No. 80–1580 (S.D.N.Y., July 10, 1981) (order).

*Seliste v. City of New York* :

Plaintiff *Seliste* took an examination similar to that in the *Colon* action in December 1973 with the intention of joining the New York City Police Department. He alleges, and defendants do not contest, that he took and passed physical and medical examinations in 1974, and was placed on an eligibility list in September 1974. Although several persons were appointed off that list in October 1974, plaintiff has never been appointed. That eligibility list expired on December 31, 1979.

Prior to the expiration, plaintiff took and passed another examination entitled "Police Officer's Series, Exam No. 8155." Plaintiff alleges that defendant City rushed to establish this examination as soon as possible because it was concerned about the age of those eligible on the list from September 1974. Unlike section 58(1), N.Y. City Administrative Code § 434a–8.0 applies the twenty-nine year age cutoff at the time persons file to take the examination. Plaintiff took and passed the qualifying physical under the new examination, but on October 1, 1979, was notified by defendant that he was not qualified due to his age. His appeal to the Personnel Director of the New York City Civil Service Commission was denied on February 25, 1981. Plaintiff Seliste took another examination on June 20, 1981, the results of which have not yet been reported to the court. Plaintiff's complaint was filed on August 10, 1981.

*Gneiss v. City of New York* :

Plaintiff Gneiss filed his action on November 12, 1981. In it, he alleges that on June 20, 1981, he took and passed an examination for a position as an officer in the New York City Police Department. At the time, plaintiff was thirty-eight years of age. When he reported to the Police Academy for a medical examination on October 20, 1981, he was informed that he was not qualified because he exceeded the age requirements of N.Y. City Administrative Code § 434a–8.0.

*Discussion*

Plaintiffs Colon and Seliste moved for summary judgment. Because the record

---

7. Plaintiffs allege that they were certified as eligible and qualified for appointment at that time. Defendants assert that the eligibility list is used only to call applicants for necessary medical, psychological, and background tests. Tests conducted by defendants on plaintiffs in 1979 indicated that only two were medically qualified—Ramos and Gonzales. Plaintiff Santiago was found to be overweight and was scheduled to be reexamined on December 14, 1981. He apparently passed that examination. Declaration of Leonard H. Rubin ¶ 2. Plaintiff Colon was rejected because of a prior cartilage operation on his knee. Plaintiff Fanara was rejected because of a heart murmur, which plaintiffs contend has been misdiagnosed. Plaintiff Soriano was rejected because of mild scoliosis. Both Soriano and Colon have appealed their rejections to the Joint Medical Board. Declaration of Leonard H. Rubin ¶¶ 6–10; Affidavit of Marvin Krivitzky ¶¶ 6–7. It is unclear from the record whether plaintiffs Ramos, Gonzales, and Santiago are otherwise qualified. The Stipulation between the parties required that the examinations and investigations be completed "in sufficient time to permit their admission to a training class for the position of Housing Police Officer in January 1982, should such action be judicially indicated." Stipulation of August 14, 1981.

8. On November 28, 1980, Judge Carter of this Court transferred the case to Judge Leval.

contained genuine issues of fact as to whether plaintiffs in those actions were otherwise qualified, I denied their motion on January 26, 1982.

Defendants' summary judgment motion raises the issue of the constitutionality of N.Y.Civ.Serv.Law § 58(1) and N.Y. City Administrative Code § 434a–8.0(a) and their respective age limits. Because neither suspect classifications nor fundamental rights are involved, the standard on which this issue is to be resolved is that enunciated by the Supreme Court in *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976): the classification must rationally further the legitimate purpose identified by the state. Moreover, "[i]n an equal protection case of this type, . . . those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." *Vance v. Bradley*, 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979).

Plaintiffs in the *Colon* and *Seliste* actions argue that the entire statutory scheme contained in section 58(1) is irrational because it provides numerous exceptions and exemptions from the twenty-nine year age requirement.[9] They also point out that a similar regulation under N.Y.Civ.Serv.Law § 54, which applies to state police and authority forces, was discontinued as part of the settlement of a suit filed by the United States Department of Labor.[10] Under that settlement, the New York Department of Civil Service was required to prepare and recommend legislation to repeal the age requirement of section 58(1). The repeal bill, however, failed.

Plaintiff in *Gneiss* characterizes the issue before the court as "whether the maximum age limitation of 29 years [of N.Y. City Administrative Code § 434a–8.0] is irrational and thus a denial of equal protection and a violation of the fourteenth Amendment. The age classification must be found to be unconstitutional if a showing can be made that it excludes so many qualified persons as to be irrational." Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 19–20. Plaintiff asserts that defendants have presented no evidence that indicates "how many individuals are excluded by the age limitation," or "how many individuals excluded would be otherwise qualified for appointment as a police officer." *Id.* at 20. In addition, plaintiff asserts, the defendants have not presented facts that demonstrate that the age limitation furthers the stated state interests. *Id.* at 6.[11] Gneiss also argues that

9. The exceptions cited by plaintiffs are: (1) the statute does not apply to New York City Police Department or district attorneys' investigators anywhere in the state, N.Y.Civ.Serv.Law § 58(5) (McKinney Supp. 1981); (2) it does not apply to Westchester County Sheriffs who are transferred into the Westchester County Department of Public Safety Services, *id.* § 58(6); (3) it does not apply to military veterans to the extent that their period of duty may be subtracted from their age up to six years and that their age is determined at the date of the written examination, *id.* § 58(1)(a); an exception can be made up to 35 years if there is a shortage of police officers in the community, *id.* § 58(1–a); and the statute does not apply to a person who resigns from a civil service position in a police force and transfers to another police force or resigns and within one year seeks reinstatement or appointment to another police force to which he could have been transferred, *id.* § 58(4)(b). Plaintiffs' Memorandum at 3. Plaintiffs note, in addition, that N.Y.Civ.Serv.Law § 54 "provides that maximum age requirements may be set for other police positions 'which require extraordinary physical effort, except where age limits for such positions are already prescribed by law.'" *Id.* at 3–4 (quoting N.Y.Civ.Serv.Law § 54 (McKinney Supp. 1981)).

10. That suit was brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1976 & Supp. III 1979), which is unavailable to plaintiffs here because they are less than forty years of age. [Subsequent to my signing this opinion on March 24, 1982, defendant-intervenor informed me that this action was not a law suit, but an administrative action. No law suit has been filed.]

11. The *Gneiss* plaintiff's second argument is that if Gneiss was only two years older, he would have an action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1976 & Supp. III 1979), and that under that Act, N.Y. City Administrative Code § 434a 8.0(a) would be illegal as applied. This, plaintiff claims, indicates the irrationality of the statute.

summary judgment should not be granted until he has had an opportunity to discover information in defendants' possession which is central to his case.

Defendant City of New York cites the following state interests in the twenty-nine year age limit: the increase in public safety that is secured by fielding the most physically capable and active police force possible, and the administrative advantages of a younger police force which include more potential years of service, lighter burden on disability and pension systems, and more adaptability in new recruits. Defendant-intervenor Attorney General of the State of New York cites as legitimate state interests the extraordinary effort that police positions require, and administrative interests which include more potential years of service, lighter economic demands on the pension and retirement systems, and facilitation of pension planning and management. Both defendants argue that the age limitation is rationally related to these interests and both cite state and federal court rulings upholding similar age requirements. *E.g., Arritt v. Grisell*, 567 F.2d 1267 (4th Cir. 1977) (upholding 35-year age limit for hiring new police officers in West Virginia); *Thomas v. U. S. Postal Inspection Service*, 647 F.2d 1035 (10th Cir. 1981) (upholding 34-year age limit for hiring postal inspectors); *Figueroa v. Bronstein*, 38 N.Y.2d 533, 344 N.E.2d 402, 381 N.Y.S.2d 470, *appeal dismissed*, 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67 (1976) (upholding 32-year limit on hiring of corrections officers); *Ridaught v. Division of Florida Highway Patrol*, 314 So.2d 140 (Fla.1975) (upholding 35-year age limit for hiring police officers in Florida).

Whatever the standard is under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1976 & Supp. III 1979), the constitutional requirements imposed on a plaintiff's equal protection claim of age discrimination are demanding. *See Vance v. Bradley*, 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979). Plaintiffs misconstrue where the burden lies; the defendants are not required to produce evidence to justify the legislation. It is the plaintiffs' obligation to "convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." *Id.*

Of course, in a motion for summary judgment, it is the moving party's obligation "to demonstrate the absence of any material factual issue genuinely in dispute." *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975), *quoted in American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). Plaintiff Gneiss filed his action on November 12, 1981, and because of consolidation of his action with the *Colon* and *Seliste* actions, has had limited time in which to conduct discovery to support his claim of legislative irrationality. It is not clear that defendants have demonstrated that there is no genuine issue of material fact in the *Gneiss* action. Moreover, in light of Judge Sand's finding in *McMahon v. Barclay*, 510 F.Supp. 1114 (S.D.N.Y.1981) (N.Y.Civ.Serv.Law § 58(1)(a) violates equal protection clause), and Judge Pratt's finding in *Sica v. County of Nassau*, No. 81–3497 (E.D.N.Y. Mar. 9, 1982) (N.Y.Civ.Serv.Law § 58(1) does not violate equal protection clause), plaintiff Gneiss should be given an opportunity to establish a record showing that N.Y. City Administrative Code § 434a–8.0 is unconstitutional. Defendants' motion in *Gneiss* is therefore denied without prejudice for renewal after plaintiff has had sufficient time to conduct discovery.

Plaintiffs Colon and Seliste, however, have had more than sufficient time to make a record. Their contentions—that the exceptions to section 58(1) make it irrational and that a settlement in a statutory age discrimination case indicates that the statute violates the equal protection clause—are without merit. Despite their obligation under *Vance*, plaintiffs have brought forward no evidence to demonstrate that the facts upon which the legislature created the exceptions could not reasonably be conceived to be true. Plaintiff's reference to a settlement in a suit brought under 29 U.S.C. §§ 621–634 is irrelevant to the constitutional issue before the court.

Defendants are granted summary judgment against plaintiff in *Seliste*. Defendants are granted partial summary judgment against plaintiffs in *Colon* on the issue of the constitutionality of N.Y.Civ. Serv. Law § 58(1). Defendants' motion for summary judgment against plaintiff in *Gneiss* is denied without prejudice. In the event that *Gneiss* prevails, the *Colon* and *Seliste* plaintiffs may apply to vacate this grant of partial summary judgment so that they may benefit from such a ruling. The *Jones* action shall be dismissed in thirty days unless plaintiff submits proof of service to the clerk of the court.