Marsha L. SOBIERALSKI, Appellant
(Plaintiff Below),

v.

CITY OF SOUTH BEND, Appellee
(Defendant Below).

No. 4–984A256.

Court of Appeals of Indiana,
Fourth District.

June 19, 1985.

Rehearing Denied Aug. 7, 1985.

J. Christopher Warter, Patrick & Warter, South Bend, for appellant.

Richard L. Hill, City Atty., by Eugenia S. Schwartz, Asst. City Atty., South Bend, for appellee.

MILLER, Presiding Judge.

Marsha Sobieralski was fired by the City of South Bend shortly after being sworn in as a police officer because she was too old to meet the statutory age limit for appointment as an officer. She sued the City for reinstatement, and the trial court held she did not meet the statutory requirements for eligibility as a police officer, and the requirements did not violate the equal protection clause. Sobieralski appeals, claiming the statutory requirements for eligibility as a police officer are unconstitutional because:

1. The statute is an impermissible classification based on age; and

2. The statute is an impermissible classification based on membership in a particular retirement fund.

We affirm.

## FACTS

Sobieralski was sworn as a police officer by the City of South Bend on May 11, 1982 after she was thirty-six years old. She had not served as a sworn officer in the South Bend Police Department before that date, although she had served with the North Liberty Marshall's Department, which participated in a different pension plan for its sworn officers than the pension plan used by the City of South Bend.[1]

Under IND.CODE 36-8-4-7, a person may not be appointed as a police officer after the age of thirty-six, with one exception:

"A person may be reappointed as a member of the department only if the person is a former member of the 1925, 1953, or 1977 fund and can complete his twenty (20) years of service by his sixtieth birthday."

After learning that Sobieralski was not and had never been a member of the 1977 Police Officers' and Firefighters' Pension and Disability Fund and after receiving notification from the executive secretary of the 1977 fund that Sobieralski did not qualify for membership in the 1977 fund,[2] the City terminated Sobieralski's employment as police officer.

Sobieralski brought suit for a declaratory judgment that IC 36-8-4-7 did not apply to her, or that it was unconstitutional because it was unlawful discrimination on the basis of age. The trial court granted summary judgment in favor of the City, holding: (1) IC 36-8-4-7 did apply to Sobieralski, and she did not qualify for appointment as a police officer for the City; and (2) IC 36-8-4-7 does not violate the equal protection guarantee of the Fourteenth Amendment or the equal privileges guarantee of the Indiana Constitution.

## DECISION

Sobieralski challenges the constitutionality of the Indiana statute which provides for age requirements for police officers. She claims IC 36-8-4-7 violates the Fourteenth Amendment's equal protection guarantee or the equal privileges guarantee of the Indiana Constitution.[3] She first argues the

1. As an employee of North Liberty, Sobieralski was a member of the Indiana Public Employees Retirement Fund. The South Bend Police Department, however, participates in the 1977 Police Officers' and Firefighters' Pension and Disability Fund.

2. IND.CODE 36-8-8-7 states that a police officer is eligible for membership in the 1977 fund only when he has not reached his thirty-sixth birthday.

3. IND. CONST. art. I, § 23 states, "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which,

statute is an impermissible classification based on age and secondly, it is an impermissible classification based on membership in a particular retirement fund.

 It is well established that the rights intended to be protected under the federal and Indiana constitutional guarantees of equal protection and privileges are identical. *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763; *Haas v. South Bend Community School Corp.* (1972), 259 Ind. 515, 289 N.E.2d 495. Therefore, we will treat them together in addressing Sobieralski's argument.

*The Constitutionality of Age Classification*

 The initial task in deciding whether the statute constitutes an impermissible classification based on age is to determine the proper test to be used: the "strict scrutiny" test or the more relaxed "rational basis" test. The trial court determined that the proper test in this case was one of rational basis, and we agree. The Supreme Court has held that equal protection analysis requires strict scrutiny of a legislative classification only if the classification "impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *Massachusetts Board of Retirement v. Murgia* (1976), 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520. Moreover, the Supreme Court has held that the right to government employment is not a fundamental right, and age is not a suspect class. *Id.* at 313, 96 S.Ct. at 2566. Thus, Sobieralski's challenge to the statute based on impermissible age classification will be judged by the rational basis test.

 The rational basis test is an inquiry which involves a relatively relaxed standard, reflecting the judiciary's awareness that there can be no perfection in legislative classification, and that the drawing of lines creates unavoidable distinctions. *Id.* at 314, 96 S.Ct. at 2567. Under the rational basis standard, the statute is presumptively valid and will not be struck down as long as the classification is rationally related to furthering a legitimate state interest. *Parker v. State* (1980), Ind.App., 400 N.E.2d 796, 800–01. This presumption operates despite the fact that, in practice, the law results in some inequality. A statutory discrimination will not be set aside if any set of facts reasonably may be conceived to justify it. *McGowan v. State* (1961), 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1104–1105, 6 L.Ed.2d 393. Finally, a statutorily based classification alleged to be discriminatory will not be overturned "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purpose that we can only conclude that the legislature's actions were irrational." *Vance v. Bradley* (1979), 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171.

 The City offers the following state interests which they claim are rationally related to the age limitation in the statute: (1) the increase in public safety that is secured by fielding the most physically capable and active police force possible; (2) the administrative advantages of a younger police force which include more potential years of service, lighter economic demands on disability and pension systems, and more adaptability in new recruits; and (3) the extraordinary effort that police positions require. *See Colon v. City of New York* (S.D.N.Y.1982), 535 F.Supp. 1108, 1113. We agree with the trial court that the age classification for hiring police officers is rationally related to furthering a state interest.[4] Sobieralski has not demonstrated any instance of varying treatment of different age groups which are so unrelated to the achievement of any of the above stated interests that it would lead to the conclusion that the Indiana General

upon the same terms, shall not equally belong to all citizens."

**4.** While the age limit for police officer appointment is within the discretion of the legislature, this court simply notes that there are many qualified individuals who are older than thirty-five who could make valuable contributions to police forces.

Assembly's acts were irrational. Accordingly, we join several other state and federal courts in upholding such an age requirement as constitutional. *Colon v. City of New York, supra,* (upholding twenty-nine year age limit for hiring police officers in New York City); *Arritt v. Grisell* (4th Cir.1977), 567 F.2d 1267 (upholding thirty-five year age limit for hiring new police officers in West Virginia); *Ridaught v. Division of Florida Highway Patrol* (Fla. 1975), 314 So.2d 140 (upholding thirty-five year age limit for hiring police officers in Florida).

Sobieralski asserts that a federal statute, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA) helps her case in two ways. First, she claims the ADEA prohibits employers from refusing to hire an individual on account of age,[5] and that a state statute which conflicts with a federal statute cannot stand. *E.E.O.C. v. County of Alleghency* (3rd Cir. 1983), 705 F.2d 679 (citing *Jones v. Rath Packing Co.* (1977), 430 U.S. 519, 525–26, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604). Thus, she claims the Indiana statute is in violation of federal law, and therefore null and void.

█ The ADEA enacted by Congress, however, is limited in its scope to individuals who are at least forty years old but less than seventy.[6] Sobieralski admits in her brief that she is not forty years old, and thus is unable to invoke the federal statute's prohibition. (Appellant's Brief, pp. 16, 18).

Her argument, however, goes one step further. She asserts that if she had been forty years of age or older, she would have an action under the ADEA, and if she were under the age of thirty-six, she would be eligible for employment as a police officer. This, she claims, indicates the irrationality of the statute. *See Colon v. City of New York, supra,* at 1112 n. 11 (where the plaintiff asserted the same argument). She claims she is left in an inequitable position of being "to [sic] old for the protection granted young individuals applying for positions with the [City] as police officers by state statute and too young for the protection granted to individuals applying for the similar positions as a result of the effects of the federal statute...." (Appellant's Brief, p. 18). It has long been held, however, that the presumption of validity which arises once the classification is rationally related to a legitimate state interest will continue to operate despite the fact that, in practice, the law results in some inequality. *McGowan v. State, supra,* 366 U.S. at 425–26, 81 S.Ct. at 1104–1105.

*The Classification Based on Retirement Fund Membership*

█ The second equal protection argument asserted by Sobieralski alleges discrimination in classification based on membership in retirement funds. Her claim is that the statute permits reappointment of a former member of the 1977 fund who can complete twenty years of service by his sixtieth birthday, but it will not permit reappointment of a former member of another pension fund. She argues that such classification based on membership in retirement funds is unconstitutional. This particular challenge was not raised in her motion to correct errors, however, and therefore may not be raised on appeal. *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240, 245.

Affirmed.

CONOVER and YOUNG, JJ., concur.

---

5. 29 U.S.C. § 623(a)(1) (Supp. III 1979) states "It shall be unlawful for an employer:
 1. To fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;"

6. 29 U.S.C. § 631(a) (Supp. III 1979) states, "The prohibitions in this chapter shall be limited to individuals who are at least forty years of age but less than seventy years of age."