Robert **KLOTSCHE** and Robin **Acosta,** Plaintiffs,

v.

**CITY OF NEW YORK,** Defendant.

**No. 84 Civ. 5964 (CBM).**

United States District Court,
S.D. New York.

Nov. 16, 1985.

Lefkowitz & Graziadei by Frank M. Graziadei, New York City, for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel of City of New York by Joel I. Grobtuch, New York City, for defendant.

## OPINION

MOTLEY, Chief Judge.

Plaintiffs Robert Klotsche and Robin Acosta have commenced this action challenging the legality of section 434a–8.0 of the New York City Administrative Code. Section 434a–8.0 establishes a maximum hiring age of twenty-nine years for New York City police officers. Plaintiffs contend that this policy violates the Equal Protection Clause of the federal Constitution because it is not rationally related to any legitimate state purpose. Plaintiffs also assert that the hiring age policy constitutes a violation of the New York Executive Law's proscription against age discrimination in employment. The parties have cross-moved for summary judgment. For the following reasons, the defendant's motions for summary judgment are granted. Plaintiff's motion is denied.

## FACTS

Plaintiffs took and passed the written civil service examination (Examination # 1175) for appointment to the New York City Police Department. Plaintiffs both had reached their twenty-ninth birthday prior to filing their application for this examination. Plaintiff Klotsche was disqualified by the Department of Personnel of the City of New York ·["Department of Personnel"] pursuant to section 434a–8.0 of the New York City Administrative Code. Section 434a–8.0(a) provides that "[o]nly persons shall be appointed patrolmen who shall at the date of the filing of an application for civil service examination less than 29 years of age."

Plaintiff Acosta was disqualified by the Department of Personnel because he failed the psychological examination that is a prerequisite of appointment as a police officer. *See* Exhibit "1", Affidavit of Joel Grobtuch. Robin Acosta appealed his psycho-

logical disqualification to the New York City Civil Service Commission, but the appeal was dismissed for failure to prosecute.

Mr. Klotsche filed a discrimination complaint against New York City with the New York State Division of Human Rights, again alleging an age discrimination claim. The State Division found probable cause to believe that there was discrimination by the defendant.

## DISCUSSION

### PLAINTIFF ROBIN ACOSTA

■ It is undisputed by the parties that plaintiff Acosta was rejected for appointment as a patrol officer because his psychological tests and interviews indicated "the presence of personality traits incompatible with the demands and stresses of employment as a New York City Police Officer." (Affidavit of Joel Grobtuch, Exhibit "1".) Although plaintiff Acosta argues that he also was rejected because of his age, it is patently obvious that even if the age limitation did not exist, he still would not be appointed as a police officer. Accordingly, defendant's motion for summary judgment as to plaintiff Acosta is granted.

### NEW YORK EXECUTIVE LAW

■ It also is undisputed that plaintiff Klotsche has filed a discrimination claim with the State Division of Human Rights, charging defendant with age discrimination. New York Executive Law section 297, subsection 9 provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights." Thus, under section 297 there is a statutory election of remedies which has been enforced by the courts. *Collins v. Manufacturer's Hanover Trust Co.*, 542 F.Supp. 663, 672–73 (S.D.N.Y.1982); *Marin v. New York State Dep't of Labor*, 512 F.Supp. 353, 355 (S.D.N.Y.1981). Even if Klotsche were to withdraw his complaint before the State Human Rights Division,

he could not maintain this action unless it was withdrawn for administrative convenience. *Emil v. Dewey*, 49 N.Y.2d 968, 428 N.Y.S.2d 887, 406 N.E.2d 744 (1980). Accordingly, pursuant to the statutory requirements set forth in Executive Law section 297, this court must grant defendant's motion for summary judgment as to plaintiff Klotsche's state law claims.

■ Additionally, even if Klotsche could maintain his state law cause of action after filing his complaint with the State Division of Human Rights, his pendent state law claim would still be dismissed. Under the current case law of New York, the 29 year age limitation does not violate the provisions of the Human Rights Law, N.Y. Executive Law section 296, section 3–a. *See Knapp v. Monroe County Civil Service Commission*, 77 A.D.2d 817, 437 N.Y.S.2d 136 (4th Dep't 1980).

### EQUAL PROTECTION CLAIMS

Both parties have moved for summary judgment on the equal protection claim. Plaintiffs contend that the age limitation provision in the Administrative Code should be reviewed by a "flexible equal protection standard" using a "heightened" level of scrutiny as advocated by Justice Marshall in his dissent in *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 325, 96 S.Ct. 2562, 2572, 49 L.Ed.2d 520 (1976). In addition, plaintiff argues that even if the "rational basis standard" is applied, as defendant contends, the provision should be declared in violation of the Equal Protection Clause of the Fourteenth Amendment. The City of New York, relying on prior decisions, argues that section 434a–8.0(a) passes constitutional muster under the "rational basis standard" set forth in *Murgia, supra,* and that summary judgment should be granted.

■ Plaintiffs' motion for summary judgment is denied. While plaintiffs' brief cites to many cases which rejected age as a bona fide occupational qualification under the Age Discrimination in Employment Act of 1967, section 2 *et seq.,* as amended 29

U.S.C. section 621, *et seq.* ["ADEA"], *see Equal Employment Opportunity Commission v. County of Los Angeles,* 706 F.2d 1039 (9th Cir.1983), they are not controlling in cases brought under the Equal Protection Clause of the Fourteenth Amendment. The analysis to be applied under the ADEA is different than that utilized by the court in determining whether an age limitation violates the Equal Protection Clause. The test under the ADEA requires the employer to show:

> (1) that the job disqualifications are reasonably necessary to the essential operation of the business and (2) that there is a factual basis for believing that all or substantially all of the persons within the class protected by the ADEA would be unable to perform the job effectively and safely or that it is impossible or impracticable to determine job fitness on an individual basis.

*Hahn v. City of Buffalo,* 770 F.2d 12, 14 (2d Cir.1985). The standard to be applied under the Equal Protection Clause of the Fourteenth Amendment, however, is whether the Administrative Code is rationally related to a legitimate state interest. *Id.* *Accord, Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976) (standard reflects "Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary.")

■ The ADEA protects persons between the ages of 40 and 70 years old. 29 U.S.C. section 631(a). Plaintiff Klotsche is 30 years old and may not rely on the ADEA standard which is more stringent than the applicable standard under the Fourteenth Amendment. Thus, while an age limitation statute might not be enforceable as to applicants 40 years or older, it could be valid as to applicants 39 years or younger. *Id.,* n. 2.

■ In considering whether a statutory age limitation violates the Equal Protection Clause, the court must keep in mind that such a statute is not to be overturned "unless the varying treatment of different groups of persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the legislature's actions were irrational." *Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171 (1979). Additionally, "[i]n an equal protection case of this type, ... those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decision maker." *Id.* at 111, 99 S.Ct. at 949.

The plaintiff, in moving for summary judgment, has set forth no facts which show that the legislature acted irrationally in passing the statute. Klotsche relies on *McMahon v. Barclay,* 510 F.Supp. 1114 (S.D.N.Y.1981), in which the court held that section 58(1)(a) of the New York Civil Service Law was invalid because it violated the Equal Protection Clause of the Fourteenth Amendment. The language of section 58(1)(a) parallels the language of the City's Administrative Code age limitation provision. Subsequent decisions, however, have found that section 58(1)(a) of the New York State Civil Service Law and section 434a–8.-0(a) of the New York City Administrative Code do not violate the Equal Protection Clause. *See, e.g., Hahn v. City of Buffalo, supra,* 770 F.2d at 14; *Colon v. City of New York,* 535 F.Supp. 1108 (S.D.N.Y. 1982); *Sica v. County of Nassau,* 81 Civ. 3497 (E.D.N.Y. March 9, 1982) (Pratt, J.), slip op.

In support of its defense that the age limitation is rationally related to a legitimate state purpose, New York City sets forth several purposes. Relying on the recommendation of two independent Presidential blue-ribbon commissions on crime, *see* National Advisory Committee on Criminal Justice Standards and Goals, *Task Force on Police* (GPO 1973); President's Commission on Law Enforcement and the Administration of Justice, *Task Force Report: The Police* (GPO 1967), the defend-

ant states that the principal interest served by the age limitation is that the demands of public safety are served by the most physically capable and active police force possible. In addition, the defendant cites to the administrative advantages of a younger police force. The advantages of younger police officers are that they provide more potential years of service and provide for a longer period of profitable return on investment in recruitment, training and experience. In addition, the City states that a younger police force represents a lighter burden on both the retirement system and operating budget and is more easily trained and more adaptable. In *Colon v. City of New York*, 535 F.Supp. at 1113–14, Judge Leval upheld section 434a–8.0(a) of the New York City Administrative Code and found that the age limitation was rationally related to these same interests.

Plaintiff, in an equal protection action, has the obligation of convincing "the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decision maker." *Vance v. Bradley, supra,* 440 U.S. at 111, 99 S.Ct. at 949. Whether or not the court believes these facts and inferences are true is irrelevant. *Hahn v. City of Buffalo,* 596 F.Supp. 939, 944 (W.D.N.Y.1984), *aff'd* 770 F.2d 12 (2d Cir.1985). Of course, since this is a summary judgment motion, the burden still remains on the moving party to demonstrate that there are no material issues of genuine fact in dispute. *Heyman v. Commerce & Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir.1975).

Plaintiff challenges the economic considerations set forth by defendant, asserting that such considerations are not permissible bases on which to uphold an age classification. Plaintiff once again relies on cases brought under the ADEA. Courts, however, have accepted economic considerations as a legitimate state interest in equal protection cases, *see Colon v. City of New York, supra,* 535 F.Supp. at 1113, and plaintiff has set forth no evidence that such an interest is irrational.

The provisions of the New York City Administrative Code bases eligibility for appointment as a police officer on age at the time of the filing of the application for the written examination as opposed to age at the time of appointment. Plaintiff argues that under this criterion a certain number of persons over 29 years old are allowed to become police officers, thereby defeating the goal of maintaining a youthful and vigorous police force. In addition, plaintiff indicates that an exception under Section 434a–8.0(a) allows veterans to deduct from their actual age the amount of time they spent in active service.

The veterans' credit policy is rational, acknowledging the sacrifice that veterans have made in the service of our country. *See Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979); *Colon v. City of New York, supra.* Furthermore, there is no evidence that the legislative determination that the age limitation be applied as of time of application is unreasonable. As the City indicates:

> This policy enables applicants to determine, before embarking on the often lengthy process of application and testing, whether they will meet the age requirement for the position. If the age limitation were to be based instead on the applicant's age at the time of appointment, the applicant's eligibility would in many cases turn on how long the application and testing process took in his or her particular case, a fact that cannot be accurately predicated in advance. Such a policy would also carry with it the potential for abuse, in that the agencies which administer the process could, by delaying the process in a particular case, prevent otherwise qualified applicants from qualifying for an appointment.

Defendant's Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment, pp. 5–6.

The New York State Civil Service Commission has stated that it does not believe the 29 year age limitation is appropriate. In addition, other states have high-

er age limitations for appointments. The mere fact some authorities may disagree with the method by which the legislature has sought to achieve a legitimate goal is irrelevant. For in utilizing the "rational basis" standard, an inquiry into the choice of a legislature to achieve its goals is not an appropriate judicial function. Defendant need not demonstrate that its purported justifications for the age requirement are statistically valid. In addition, defendant need not show that its objectives could not have been accomplished by some other means. *Vance v. Bradley,* 440 U.S. at 111, 99 S.Ct. at 949.

This court recognizes that were plaintiff Klotsche forty years or older, he could rely on the ADEA. Since, however, he is only thirty years old, his only viable claim is the equal protection cause of action. Plaintiffs have submitted no evidence which indicates that the facts upon which the age classification is apparently based are irrational. Instead, all of the facts indicate that the age requirement of section 434a–8.0(a) of the New York City Administrative Code is rationally related to the goal of maintaining an effective, efficient and safe police department.

CONCLUSION

Plaintiffs' motion for summary judgment is denied. Defendant's motions for summary judgment are granted. This action is dismissed and discontinued.