In the Matter of Frank N. Iannicelli, Respondent, against Civil Service Commission of the City of New York et al., Appellants.

First Department, April 21, 1953.

*Matthew H. Brandenburg* for respondent.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellants.

*Per Curiam.* The statute imposes as an eligibility requirement for appointment to the position of patrolman in the city of New York that the applicant be less than twenty-nine years of age on the date when his application to take a civil service examination for that position is filed. (Administrative Code of City of New York, § 434a–8.0.) A person who has served in the armed forces is entitled to deduct the period of his military service from his actual age when meeting a maximum age requirement. (Administrative Code of City of New York, § 953–1.1; Military Law, § 246, subd. 10–a.)

Allowing full credit for military service, petitioner, nevertheless, was over the maximum age limit of twenty-nine years when he filed his application. Under the express terms of the statute he was therefore ineligible for appointment.

Though the Special Term was doubtless motivated by understandable sympathy for petitioner in rescinding the action of the municipal civil service commission which revoked the certification of petitioner for appointment, there was no power in the court to overlook failure on the part of petitioner to comply with the statutory mandate.

The order should be reversed and the petition dismissed but without costs.

Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ., concur.

Order unanimously reversed and the petition dismissed, without costs.