In the Matter of JOHN R. SPINA, Respondent, v COUNTY OF
CHAUTAUQUA et al., Appellants.

Fourth Department, December 12, 1975

*Edwin J. Kuzdale* for appellants.

*Lombardo, Sellstrom & Burgett (Dalton Burgett* of counsel),
for respondent.

MAHONEY, J. In this CPLR article 78 proceeding respon-
dents-appellants appeal from Special Term's order directing
restoration of petitioner-respondent's name to the eligibility
list for the position of County Police Patrolman established
following competitive examination therefor. The primary issue
raised on this appeal is the construction of section 58 (subd 1,
par [a]) of the Civil Service Law wherein the maximum age
eligibility of 29 years, with provision therein contained for
debiting of military service time as provided in subdivision 10-
a of section 243 of the Military Law, is prescribed for appoint-
ment of defined police officers. The secondary issue concerns
the authority of respondents-appellants, once having certified
an eligibility list with a one-year duration, to remove a
candidate's name therefrom prior to the expiration of the list.

The pertinent undisputed facts may be chronologically sum-

marized as follows: on August 13, 1973 notice of police patrolman's civil service examination was posted, specifying age qualifications for candidates as "not less than 19 years of age and must not have reached their 29th birthday by the date of the written test", with further notification that eligibility for appointment will begin when applicant reaches his 20th birthday and terminates when candidate reaches his 29th birthday. On August 16, 1973 petitioner, in response to his application filed for the subject examination, received a notice of "eligibility determination" form, with checked box indicating approval as to "training and experience". Petitioner had taken the examination in October, 1973 and received notice, on December 14, 1973, of his tied rank of 14th and placement of his name on the established eligibility list, the duration of which list would be one year, unless notified of any extension. On May 21, 1974, after debiting military service time to which he was entitled, petitioner attained "29 years of age" for the purposes of the Civil Service Law. Thereafter, following canvass and oral interviews, petitioner successfully passed a required physical examination and was orally advised on July 29, 1974 by the Sheriff of Chautauqua County, being the appointing officer for the position, that he was hired, with training and employment to commence August 12, 1974. However, following oral advisement of his age ineligibility for appointment on August 8, 1974 by respondent-appellant Long, petitioner, on August 13, 1974, received written notification of the removal of his name from the eligibility list by reason of the maximum age limitation of 29 years for appointment eligibility.

Special Term, in granting restoration relief sought by petitioner held, in effect, that the determinative date of petitioner's age eligibility qualification was the date of the establishment of the eligibility list. Such determination, under the facts here presented, was in error.

The provisions of subdivision 1 of section 58 of the Civil Service Law prescribing, *inter alia,* the 29-year-age maximum eligibility for defined police officers, are specifically addressed to *appointment* eligibility. Absent reference to any applicable alternate date, by implication or otherwise, the qualification requirements therein set forth must necessarily be intended to be determined as of the date of appointment. In the instant case, petitioner, having attained the "civil service age" of 29 years on May 21, 1974, by virtue of section 58 (subd 1, par [a])

of the Civil Service Law, lacked statutorily prescribed appointment eligibility. Following such appointment eligibility disqualification, respondents-appellants, as appropriate body and officer for the administration and effectuation of the provisions of the Civil Service Law, had not only the authority but the duty, implicit under subdivision 4 of section 50 of the Civil Service Law, to remove petitioner's name from the subject eligibility list.

The judgment should be reversed and the petition dismissed.

MOULE, J. P., CARDAMONE, SIMONS and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed, without costs, and petition dismissed.