Per Curiam.

We hold that the action of the State Civil Service Commission establishing 32 years as the maximum age for application for appointment as correction officer is not violative of constitutional provision.
Section 6 of article V, of our State Constitution provides in part: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and *535 villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive [with exceptions not here applicable]”. This mandate in favor of appointment and promotion according to merit and fitness does not, however, preclude the adoption of age requirements. (Matter of Deodati v Kern, 280 NY 366; Matter of Thomas v Kern, 280 NY 236, 244.) Nothing in Matter of Maye v Lindsay (69 Misc 2d 276, revd 41 AD2d 127, revd 33 NY2d 552, cert den 414 US 1069) holds to the contrary.
Nor does the adoption of age requirements necessarily offend the equal protection clause. Because a right finds expression in the language of our State Constitution, it does not follow that by that circumstance alone it is a right entitled to special constitutional protection, statutory limitation of which must be examined under the strict scrutiny test on claims of denial of equal protection. (Montgomery v Daniels, 38 NY2d 41, 59-61.) Appellant advances no other theory which would require application of the strict scrutiny test or anything approaching that standard (p 61). Thus, notwithstanding our constitutional provision with respect to appointment and promotion in the civil service, legislative classification of rights thereunder will be upheld if there is a rational basis therefor (cf. pp 61-63).
Our Legislature by explicit provision of section 54 of the Civil Service Law has recognized the right of civil service commissions to adopt "reasonable minimum or maximum age requirements for open competitive examinations for positions such as policemen, firemen, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law.” Pursuant thereto, no age limits being otherwise prescribed by law, the State Civil Service Commission established 32 years as the maximum age for application for position of correction officer.
In our view, considering the duties and responsibilities of correction officers, often calling for the instantaneous availability, if not the use, of "extraordinary physical effort”, in the circumstances of their performance of service, it is reasonable to set a maximum entry age of 32 years. Not only is it necessary to assure physical qualification on entry into the correction service, it is also desirable to anticipate continuing qualification for an extended period of service. Thus, it was *536 not irrational either to establish an age requirement or to fix that age at 32 years. It is no infirmity that another age might also have rationally been selected (Montgomery v Daniels, supra, p 64).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed, without costs.