In the Matter of PATRICK HAWKINS, Appellant, v GABRIEL S. KOHN et al., Individually and as Constituting the Nassau County Civil Service Commission, Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to certify petitioner for immediate appointment as a police officer of the Nassau County Police Department, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered October 18, 1977, dismissing the petition. Judgment affirmed, without costs or disbursements. Petitioner is 31 years old and is employed by the Long Island Regional State Park Commission as a parkway policeman. He is seeking appointment to the Nassau County Police Department pursuant to section 58 (subd 4, par [a]) of the Civil Service Law, which in certain circumstances creates an exception to the age requirements (the maximum being 29 years of age) for police appointees. The exception applies only to a person who has previously "received provisional or permanent appointment in the competitive class of the civil service as a police officer of any police force or police department of any county, city, town, village, housing authority or police district". Petitioner contends that while he is not an officer of a police department of a county, city, etc., he is a member of a recognized "police force". Any ambiguity in paragraph (a) of subdivision 4 or in subdivision 3, which defines "police officer", is clarified by consideration

of the title of the enacting legislation (L 1965, ch 326): "An Act to amend the civil service law and the executive law, in relation to basic requirements for provisional and permanent appointment as *police officers of counties, cities, towns, villages and police districts,* excluding the police department of the city of New York" (emphasis supplied). (See McKinney's Cons Laws of NY, Book 1, Statutes, § 123 [a].) Petitioner clearly does not fall within the exception set forth in section 58 (subd 4, par [a]) of the Civil Service Law. Therefore, the commission correctly refused to certify him. Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur.