OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioners seek an order permitting them to take the competitive written examination for New York State trooper upon the ground that the maximum age of 29 years, which all of the petitioners have attained, is arbitrary, capricious, unconstitutional and otherwise unlawful and in violation of the rights of the petitioners.
Petitioners have applied to take the written examination for the position of State trooper to be given on April 7, 1979. Certain requirements are listed on the notice of examination including the requirement that a candidate without allowable military service must not have reached his 29th birthday on the date of appointment (Sept., 1979), and any such candidate *1013 who will be 29 years old before September, 1979, will be disqualified. However, candidates with military duty may use allowable service time to extend the age limit. Petitioners will all have attained the age of 29 at the time of appointment and hence would be disqualified from taking the examination.
Petitioners contend among other things that the discretionary age limitation contained in the statute and in the regulation but not mentioned in the notice is arbitrary, discriminatory and unconstitutional. This court must agree with the contentions of the petitioners.
Subdivision 3 of section 215 of the Executive Law provides the respondent, Superintendent of the New York State Police, with the authority to promulgate regulations governing the appointment of State Police officers, including examination requirements.
The section provides insofar as pertinent as follows: "No person shall be appointed to the New York state police force unless he shall be a citizen of the United States, between the ages of twenty-one and twenty-nine years except that the superintendent, in his discretion, may extend the maximum age to thirty-ñve years. Notwithstanding any other provision of law or any general or special law to the contrary the time spent on military duty, not exceeding a total of six years, shall be subtracted from the age of any applicant who has passed his twenty-ninth birthday, solely for the purpose of permitting qualification as to the age and for no other purpose.” (Emphasis added.)
The regulation promulgated herein and challenged by the petitioners, section 475.1 of title 9 of the Official Compilation of Codes, Rules and Regulations of the State of New York (9 NYCRR 475.1) provides in pertinent part as follows: "[Appointment procedure.] Appointment to the position of trooper in the New York State Police shall be made from an eligible list which has been established by competitive examination. An applicant must be a citizen of the United States between the age of 21 and 29 (except that the superintendent may extend the maximum age to 35), be of good moral character, pass a physical and mental examination and meet such other standards as are set by the superintendent.” (Emphasis added.)
In this court’s opinion, the fact that the superintendent has the discretion to extend the maximum age up to 35 years violates the equal protection clause of our State Constitution *1014 (art I, § 11) in the absence of a regulation setting forth the criteria or standards, such as a given number of years of prior police experience, etc., to be followed or used in its application by the superintendent.
This opinion is not inapposite to Matter of Figueroa v Bronstein (38 NY2d 533). There, the New York State Court of Appeals held that an age limitation of 32 years for appointment as a correction officer was not violative of the New York State Constitution (art V, § 6). However, the New York State Court of Appeals only held that the mandate in favor of appointment according to merit and fitness does not preclude the adoption of age requirements. It did not construe the age requirement herein which gives unlimited and undefined discretion to the superintendent to pick and choose who, between the ages of 29 and 35, he will appoint without regard to merit or fitness.
In view of the foregoing, the petition is granted and the petitioners are permitted to take the examination.