■ State Division of Human Rights, on Complaint of Joseph Arnone, Petitioner, v County of Monroe et al., Respondents.—Case held, decision reserved and matter remitted to State Division of Human Rights for further proceedings in accordance with the following memorandum: The principal issue in this proceeding under section 298 of the Executive Law is whether petitioners' established policy requiring that all candidates for appointment to the position of Deputy Sheriff-Patrol be 29 years of age or under is an unlawful discriminatory practice under the Human Rights Law. Petitioners contend that, although section 58 of the Civil Service Law (prescribing age requirements for the appointment of police officers covered by civil service) is inapplicable, they were nevertheless justified in adopting the age requirements of section 58 of the Civil Service Law as criteria for the appointment of applicants for the position of Deputy Sheriff-Patrol inasmuch as a Deputy Sheriff-Patrolman performs the same functions as a police officer covered by civil service. Relying on decisions pertaining to the maximum age requirements for appointment of police officers under section 58 of the Civil Service Law (see *Whitehair v Civil Serv. Comm. of Monroe County,* 56 AD2d 711; see, also, *Matter of Hawkins v Kohn,* 64 AD2d 628; *Matter of Spina v County of Chautauqua,* 50 AD2d 178) and of State correctional officers (see *Matter of Figueroa v Bronstein,* 38 NY2d 533) petitioners argue that by analogy their requirements are lawful and constitutional. There is insufficient evidence in the record concerning the duties and responsibilities of a Deputy Sheriff-Patrol and the similarities and/or differences between that position and a police officer covered by civil service. The matter is remitted, therefore, to the State Division of Human Rights for further proof and appropriate findings on this issue. (Proceeding pursuant to

Executive Law, § 298.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.