In the Matter of GUS F. POLLI et al., Respondents, v WILLIAM G. CONNELIE, as Superintendent of the New York State Police, Appellant.

Third Department, December 24, 1980

APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Henderson G. Riggs, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellant.

*Harold L. Solomon* for respondents.

OPINION OF THE COURT

KANE, J.

At issue in this proceeding is the validity of an age requirement applicable to candidates for appointment as members of the New York State Police. Subdivision 3 of section 215 of the Executive Law provides, in part, that: "The members of the New York state police shall be appointed by the superintendent and permanent appointees

may be removed by him only after a hearing. No person shall be appointed to the New York state police force unless he shall be a citizen of the United States, between the ages of twenty-one and twenty-nine years except that the superintendent, in his discretion, may extend the maximum age to thirty-five years. Notwithstanding any other provision of law or any general or special law to the contrary the time spent on military duty, not exceeding a total of six years, shall be subtracted from the age of any applicant who has passed his twenty-ninth birthday, solely for the purpose of permitting qualification as to age and for no other purpose." Respondent's regulation dealing with this feature of the statute (9 NYCRR 475.1) contains no further elaboration; it merely recites that:

"(a) Appointment to the position of trooper in the New York State Police shall be made from an eligible list which has been established by competitive examination.

"(b) An applicant must be a citizen of the United States between the ages of 21 and 29 (except that the superintendent may extend the maximum age to 35), be of good moral character, pass a physical and mental examination and meet such other standards as are set by the superintendent.

"(c) Appointments shall be probationary for a period of 52 weeks following the effective date of appointment. Upon satisfactory completion of the period of probation, appointments will become permanent."

Petitioners sought to take a competitive examination for the position of trooper, but each was advised that he was overage and would not be permitted to do so. Although all were well under 35, two of them were born more than 29 years before April 7, 1979, the date of the scheduled examination, while the third, even if successful on the test, would have become 29 prior to the expected September, 1979 appointment date. All possessed various degrees of experience in the field of law enforcement, but none claimed any previous military duty. Upon these undisputed facts, Special Term granted their petition, in what was styled a CPLR article 78 proceeding, and directed respondent to allow them to take the examination. It ruled that in the absence of appropriate standards, the discretion conferred on re-

spondent violated the equal protection clause of the New York Constitution (NY Const, art I, § 11). In our opinion, a dismissal of the petition is mandated.

Initially, we note that the constitutional permissibility of the type of veterans' preference encountered herein is not at stake in this proceeding. Despite respondent's assertion to the contrary, the exercise of discretion on his part is not made subject to the existence of a precondition. The plain language of the statute reveals that the provision governing military duty is an entirely separate matter which does not appear to involve any element of judgment. Although petitioners have suggested that the maximum age limitation of 29 years is invalid, their position is meritless in that regard (see *Matter of Figueroa v Bronstein*, 38 NY2d 533, app dsmd 429 US 806) and, since it was not alleged that they asked respondent to invoke his powers of discretion in their favor, the only pertinent inquiry might be whether the discretionary authority to extend such limitation to age 35 is offensive to some constitutional principle. However, the question need not be addressed for, even if it were assumed that this portion of the statute represented an unlawful delegation of lawmaking power (cf. *Matter of Nicholas v Kahn*, 47 NY2d 24, 31), the claimed deficiency would not benefit these petitioners. The Legislature did not broadly say respondent might appoint those under 35 years of age; it specified instead that none over 29 were eligible for appointment unless he, in the exercise of discretion, decided to extend that primary limitation. A declaration striking down this flexibility as unconstitutional would leave a proper maximum age limitation of 29 years fully intact. Thus, we decline to convert this proceeding into an action for declaratory relief merely to reach an issue which is academic. The instant petition should be dismissed.

The judgment should be reversed, on the law, and the petition dismissed, without costs.

GREENBLOTT, J. P., SWEENEY, MIKOLL and CASEY, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.