■ In the Matter of ALFONSO CAMPAGNOLA, as President of the Former Police Trainee Fraternal Organization, on Behalf of Himself and All Others Similarly Situated, Appellant, v ROBERT J. MCGUIRE, as Police Commissioner of City of New York, and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. — Judgment, Supreme Court, New York County (Cahn, J.), entered February 24, 1981, which denied petitioner's application for a declaration that the Civil Service Law is invalid, insofar as it disallows credit for the time spent as a police trainee towards seniority as a police officer and granted the respondents' cross motion to dismiss the petition, unanimously modified, on the law, without costs and without disbursements, to the extent of directing judgment in favor of the respondents declaring the Civil Service Law in the respect above set forth, constitutional and, as so modified, affirmed. At the time the police trainee program existed, it was impossible to be a member of both groups at the same time. The police trainee program set the maximum age level at 21 years. The minimum age for police officer was also 21 years. As a police trainee is not a police officer, the time spent as a police trainee may not count towards satisfying the requirements for police service. Where there is neither a suspect classification nor an infringement on a fundamental right, a classification will be sustained as long as there is a rational relationship between the classes established and a legitimate governmental interest which is sought to be achieved. The age limitations and the distinctions based upon those limitations herein were rational. In essence, petitioner is seeking a declaration that section 54 of the Civil Service Law is invalid, insofar as it disallows credit for the time spent as a police trainee towards seniority as a police officer. Special Term, while properly rejecting petitioner's arguments, did not make a declaration. It was error to dismiss the petition insofar as it sought declaratory relief merely because the petitioner was not entitled to the declaration sought by him (see *Lanza v Wagner,* 11 NY2d 317). Concur — Carro, J. P., Lupiano, Silverman and Milonas, JJ.