■ In the Matter of JOHN F. SCHATZEL, Respondent-Appellant, v WILLIAM G. CONNELIE, as Superintendent of the New York State Police, et al., Appellants-

Respondents. — Cross appeals from a judgment of the Supreme Court at Special Term (Klein, J.), entered October 7, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to require respondents to maintain petitioner's position on the eligibility list for the position of New York State trooper. On June 27, 1981, petitioner took and passed an examination for New York State trooper. On July 22, 1981, petitioner was advised that he received a score of 99 out of a possible 105 points. Petitioner's score was not high enough to entitle him to an appointment in the fall of 1981 class for State trooper. However, in early 1982, petitioner was given and was advised that he passed the physical exam in preparation for an appointment in the next class. Respondents had anticipated to appoint a class of State troopers in April, 1982, but due to fiscal problems such appointments were not made. Subsequently, it was established that the next class would be appointed in October, 1982. Petitioner turned 29 on September 25, 1982. This being the case, pursuant to subdivision 3 of section 215 of the Executive Law, petitioner was notified on June 3, 1982 that he would be over age prior to receiving an appointment and, accordingly, his name would be removed from the eligibility list. Petitioner requested that respondent Superintendent of the New York State Police (superintendent) exercise his discretion and admit him to the class. This request was not granted and the instant proceeding was commenced. Special Term granted the petition, holding that the refusal of the superintendent to exercise his discretion in this case was arbitrary and capricious when compared with his action in a similar case involving one Peggy Casey. These cross appeals ensued. Subdivision 3 of section 215 of the Executive Law provides that: "No person shall be appointed to the New York state police force unless he shall be * * * between the ages of twenty-one and twenty-nine years except that the superintendent, in his discretion, may extend the maximum age to thirty-five years." 9 NYCRR 475.1 (b), which concerns appointment procedures, establishes no criteria with respect to the superintendent's discretion to appoint those over age 29, providing only that the superintendent "may extend the maximum age to 35 years". Ms. Peggy Casey, as did petitioner, successfully completed the June 27, 1981 examination for State trooper. She became 29 on the day after the exam and, for this reason, was notified on October 9, 1981, that she would not be appointed to a class commencing on October 26, 1981. Subsequently, however, the superintendent exercised his discretion, pursuant to section 215 of the Executive Law, and permitted Ms. Casey to enter the October, 1981 class. Since respondents are unable to point to any meaningful distinction between the instant case and that of Ms. Casey, we must agree with Special Term that the superintendent's refusal to exercise his discretion in petitioner's favor was arbitrary and capricious (*Matter of Lefrak Forest Hills Corp. v Galvin*, 40 AD2d 211, 217, affd 32 NY2d 796, cert den *sub nom. Baum v Lefrak Forest Hills Corp.*, 414 US 1004; cf. *Matter of Nicholas v Kahn*, 47 NY2d 24). A repetition of these circumstances can be avoided by the proper promulgation of objective standards and criteria for the exercise of discretion by respondent superintendent (*Matter of Nicholas v Kahn, supra*). Respondents apparently concede that were it not for their actions in removing petitioner from the eligibility list, he would have been appointed as a State trooper in October, 1982. Moreover, at oral argument upon the application to vacate the statutory stay, respondents conceded that an appropriate remedy, should this court rule in petitioner's favor, would be to order respondents to admit petitioner to the next class of State troopers. We so order. Having reached the above conclusion, it is unnecessary to consider petitioner's remaining contentions. Judgment modified, on the law and the facts, by adding thereto a provision that petitioner be

admitted to the next class at the New York State Police Academy, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane and Weiss, JJ., concur.

Levine, J., dissents and votes to reverse in the following memorandum. Levine, J. (dissenting). As I read the uncontested averments in respondent Connelie's answer and its attachments, for at least the past 21 years the State Police have interpreted subdivision 3 of section 215 of the Executive Law and the applicable State regulation (9 NYCRR 475.1 [b]) to require an applicant to attain his or her 29th birthday before the effective date of appointment as a State trooper and, except in one isolated instance, have uniformly enforced that age limitation. Since comparable *absolute* age limits for appointment to security/police positions have been upheld, whether imposed by administrative rule or by statute (*Matter of Figueroa v Bronstein,* 38 NY2d 533, app dsmd 429 US 806; *Matter of Spina v County of Chautauqua,* 50 AD2d 178), enforcement of such a policy by the State Police can hardly be considered invalid. As to the case of Peggy Casey, the single instance where an applicant over the age limit was appointed pursuant to the discretionary authority of the superintendent under the statute and regulations, the answer also clearly sets forth uncontested facts demonstrating significant distinctions between the circumstances of that case and the instant case, upon which respondents could rationally treat Casey differently from petitioner. Because the State Police had overlooked Casey's age data in her application, she was erroneously informed that she would be appointed, and was completely processed through the application procedure. It was only days before the scheduled appointment of her class that the error was discovered and she was notified of her ineligibility. Casey then commenced litigation seeking, among other things, a restraining order preventing the appointment of the entire incoming class of troopers of which she was a member, which would have seriously delayed the appointment of needed additions to the State Police. It was only because of these extenuating and exigent circumstances that respondent made an exception for her. None of these circumstances exist here. The notice of examination for State trooper for the exam that petitioner took plainly informed all applicants, petitioner included, that they must be appointed before their 29th birthday, and there was no erroneous notification that petitioner was to be appointed. Instead, petitioner was promptly informed he would not be appointed as soon as it became apparent that this could not occur before the date rendering him ineligible. In making an exception in Casey's case, primarily due to the error in notifying her that she would be appointed and then fully processing her application, respondents were not thereby estopped from subsequently reverting to their prior general policy respecting age limits on appointments (see *Matter of Pascual v State Bd. of Law Examiners,* 79 AD2d 1054, 1055, mot for lv to app den 54 NY2d 601; *Matter of Leap v Levitt,* 57 AD2d 1021, 1022, mot for lv to app den 42 NY2d 807). This case is totally distinguishable from *Matter of Lefrak Forest Hills Corp. v Galvin* (40 AD2d 211, affd 32 NY2d 796, cert den *sub nom. Baum v Lefrak Forest Hills Corp.,* 414 US 1004), relied upon by the majority. There, construction permits and extensions thereof for building an apartment house project had regularly been issued over a period of eight years, and in reliance thereon, construction costs of over $1 million had been incurred when the zoning agency, without any change in the underlying circumstances, refused to issue a further extension to permit completion of the project. In the instant case, petitioner took no action in reliance on the Casey determination and was plainly on notice that he would not be appointed after his 29th birthday. Finally, any reliance by the majority on *Matter of Nicholas v Kahn* (47 NY2d 24) is also misplaced, despite a similar absence of criteria in the

regulations for the exercise of the superintendent's discretion to extend the age limit on eligibility (9 NYCRR 475.1 [b]). As we noted in *Matter of Polli v Connelie* (78 AD2d 151), any such deficiency in the regulations would only result in excision of the portion thereof granting discretion to waive the age limit, which would be of no benefit to petitioner here (*id.,* at p 153). For all of the foregoing reasons, and because in my view courts should be especially hesitant to interfere with executive decisions in an area as sensitive as appointments to the State Police, I vote for reversal of the judgment and dismissal of the petition.