OPINION OF THE COURT
Edward J. Greenfield, J.
This is an application pursuant to CPLR article 78 for an order directing the appointment of the petitioner as a New York City police officer, or, alternatively, directing that petitioner’s name be certified for the position of New York City police officer.
At the outset, the court notes that regardless of the merits of this application, the maximum relief to which petitioner would be entitled is a direction that petitioner’s name be certified for appointment. The court is not empowered to direct the Police Commissioner to make an appointment (Matter of Berger v Walsh, 291 NY 220; Matter of Chikofsky v Walsh, 296 NY 642; Matter of Delicati v Schechter, 3 AD2d 19).
After filing for the 1981 civil service examination, number 1010, for the position of police officer in New York City, petitioner was notified that he was not qualified for such appointment. Administrative Code of the City of New York § 434a-8.0 (a) states that “[o]nly persons shall be appointed patrolmen who shall be at the date of the filing of an application for civil service examination less than twenty-nine years of age.” Petitioner was more than 29 years of age on February 25, 1981, the date of filing for the examination.
*854 Petitioner contends that Administrative Code § 434a-8.0 violates Executive Law § 296 (1) (d) which makes it an unlawful discriminatory practice to discriminate as to age unless such discrimination is “based upon a bona fide occupational qualification” (BFOQ). Petitioner also contends that since the age limitation contained in Administrative Code § 434a-8.0 bears no rational relation to any legitimate State purpose, it is an unconstitutional denial of the equal protection of the law. Moreover, assuming, arguendo, the validity of the 29-year age limitation, petitioner contends that the varying treatment of veterans and nonveterans (pursuant to Military Law § 243 [10-a]; Administrative Code § 1141-1.1 [veterans are allowed to subtract, up to a total of six years, from maximum age requirements the time spent on military duty]) is also an unconstitutional violation of the equal protection of the law.
Without question, the subject provision of the Administrative Code is discriminatory. However, almost every law can be classified as discriminatory since laws are, at least to some extent, inherently unequal and involve disparity in treatment of the individuals to which they are applicable. The constitutional guarantee of equal protection of the law does not require that every individual be treated equally under a particular law. Rather, the classifications which are made by the particular law must be reasonable. “If the classification has some ‘reasonable basis,’ it does not offend the Constitution simply because [it lacks] ‘* * * mathematical nicety or because in practice it results in some inequality’ ” (Dandridge v Williams, 397 US 471, 485, quoting Lindsley v Natural Carbonic Gas Co., 220 US 61, 78; see also, Matter of Levy, 38 NY2d 653, 658-661; Matter of Figueroa v Bronstein, 38 NY2d 533, 535-536, appeal dismissed 429 US 806).
The standard for determining the reasonableness of statutory classifications where, as here, no fundamental right is affected and the classification is not based on suspect classification (e.g., race, religion), is the traditional equal protection test: whether the classification is rational and furthers a proper governmental purpose. “Where there is neither a suspect classification nor an infringement on a fundamental right, a classification will be sustained as long as there is a rational relationship between the classes established and a legitimate governmental interest which is sought to be achieved” (Matter of Campagnola v McGuire, 88 AD2d 577). For the questioned classification to be rational it must be based on factors which justify the discriminatory treatment and there must be a reasonable relationship between the classification and the governmental interest sought to be achieved.
*855 Age has been held to be a bona fide occupational qualification. The relationship between advancing age and decreasing physical ability was recognized in Massachusetts Bd. of Retirement v Murgia (427 US 307), where a compulsory retirement age was found to be constitutional. There the Supreme Court held that a rational relationship must exist between the State interest to be served and the means employed by the statute. The case involved a mandatory retirement age of 50 for Massachusetts State police officers. The Supreme Court held that Massachusetts could properly act to insure that State police officers could adequately perform their duties. The court found that age was a criterion related to the ability to perform the rigorous physical tasks of State police work and therefore was rationally related to the State interest to be served. The relationship between age and the ability to perform a job was also recognized in Air Line Pilots Assn., Intl. v Quesada (276 F2d 892 [2d Cir 1960], cert denied 366 US 962). There, a regulation of the Federal Aviation Administration imposing a compulsory age ceiling of 60 for airline pilots was upheld. The Second Circuit Court of Appeals noted that a comprehensive study conducted by the administrator of the FAA showed that at 60 a critical limit affecting performance had been passed. Age restrictions on applicants for appointments as police officers, specifically Civil Service Law § 58 (1) which prescribes a maximum age limitation for police officers covered by State civil service, have consistently been upheld in this State (see, Whitehair v Civil Serv. Commn., 56 AD2d 711; Matter of Hawkins v Kohn, 64 AD2d 628; Matter of Spina v County of Chautauqua, 50 AD2d 178; State Div. of Human Rights v County of Monroe, 73 AD2d 1058; Knapp v Monroe County Civ. Serv. Commn., 77 AD2d 817). Holding that the action of the New York State Civil Service Commission in establishing 32 years of age as the maximum age for appointment as a correction officer was constitutional, the court in Matter of Figueroa v Bronstein (supra), noted that a State statute, Civil Service Law § 54, permitted the Civil Service Commission to adopt reasonable minimum or maximum age requirements for positions such as policemen, firemen, prison guards, or other positions which required extraordinary physical effort (it is pursuant to Civil Service Law §54 that the subject provision of the Administrative Code was promulgated). The court then determined that the duties and responsibilities of correction officers often called for the instantaneous availability, if not the use, of extraordinary physical effort in the circumstances of their performance of service. It also noted that “Not only is it necessary to assure physical qualification on entry into *856 the correction service, it is also desirable to anticipate continuing qualification for an extended period of service” (Matter of Figueroa v Bronstein, supra, p 535).
The Fourth Circuit Court of Appeals, in reviewing a West Virginia statute similar to the provision in question here found that “the primary function of the police is to protect persons and property and to maintain law and order” (Arritt v Grisell, 567 F2d 1267,1272 [4th Cir 1977]). It went on to find that the State had a legitimate interest in assuring the physical preparedness of the police and thus found the age limitation furthered a legitimate State purpose and did not violate the mandate of equal protection. The court did not, however, find that the age limitation was a bona fide occupational qualification since the plaintiff there had not been afforded the opportunity to rebut the State’s affidavit in that regard. The court chose to allow the parties an opportunity to develop a full factual record and, thus, never reached the bona fide occupational qualification issue. Here the parties have presented both sides of that issue and this court finds the age limitation contained in Administrative Code § 434a-8.0 is not only a bona fide occupational qualification, but also rationally related to a legitimate State interest.
This court has carefully considered McMahon v Barclay (510 F Supp 1114), upon which the petitioner heavily relies, but respectfully disagrees with the view expressed and the conclusion reached therein. There the contentions offered as justification of the maximum age limitation of Civil Service Law § 58 (1) as a bona fide occupational qualification were found unacceptable and that court held section 58 (1) violative of equal protection of the law. New York State claimed “(1) that younger police can serve for a longer period of time after being trained than older recruits and (2) younger recruits will remain physically fit for longer periods of time” (McMahon v Barclay, supra, at p 1116). Those contentions were found unacceptable because police recruits were required to satisfy physical requirements; there were numerous statutory exceptions to the age barrier of 29; and there was no mandatory retirement age for such officers. Although physical requirements must also be satisfied prior to appointment as a police officer in New York City, and statutory exceptions to the maximum recruitment age exist, a distinguishing factor here is that New York City police officers are subject to a mandatory retirement age of 63 (Administrative Code § 434a-21.0). Moreover, a later case, Colon v City of New York (535 F Supp 1108), upheld the validity of Civil Service Law § 58 (1). That case involved four consolidated actions. One, Gneiss v City of New York, challenged, as here, the maximum *857 age requirement of Administrative Code § 434a-8.0. There, on the city’s motion for summary judgment, the plaintiff was given “an opportunity to establish a record showing that N.Y. City Administrative Code § 434a-8.0 is unconstitutional” (Colon v City of New York, supra, at p 1113). Of note also is the mention in Colon v City of New York (supra) of an unreported Eastern District case (Sica v County of Nassau, No. 81-3497, Mar. 9, 1982) finding Civil Service Law § 58 (1) not violative of equal protection.
The respondents here maintain that age is directly related to the performance of police officers. They contend that a maximum recruitment age is a bona fide occupational qualification in that it relates to the physical demands placed on police officers in the performance of their duties. They claim that this relationship of age to performance is confirmed not only by experts in the field of police science (citing, inter alia, National Advisory Committee on Criminal Justice Standards and Goals, Task Force on Police [GPO 1973]; President’s Commission on Law Enforcement and the Administration of Justice, Task Force Report: The Police [GPO 1967]), but also by the practice of the overwhelming majority of local, State and Federal law enforcement agencies. Petitioner, meanwhile, contends that if age is a bona fide occupational qualification, then the fact that it can be waived for veterans is a violation of equal protection. More importantly, he contends that since he was able to meet all the health and physical performance standards for appointment as a New York City police officer, the maximum age limitation of 29 does not differentiate qualified from unqualified applicants.
“That the State chooses not to determine fitness more precisely * * * is not to say that the objective of assuring physical fitness is not * * * furthered by a maximum-age limitation” (Massachusetts Bd. of Retirement v Murgia, supra, at p 316). In a case upholding a maximum age limitation for applicants for the highway patrol (Ridaught v Division of Fla. Highway Patrol, 314 So 2d 140, 144), the Florida Supreme Court said “we are not authorized to substitute our judgment as to what age beyond which it may be said that a person does not have such special attributes for the judgment of those administrative officers charged with the responsibility of selecting persons for such purposes.” While the petitioner here was able to, and undoubtedly other applicants similarly over the maximum age limitation would be able to, meet all the health and physical performance standards for appointment as a New York City police officer, it does not mean that the arbitrary cutoff age of 29 is not a bona fide occupational qualification or unconstitutional. While *858 there may be a better way of assuring the ability of applicants to respond to the physical demands of the job then the subject provision of the Administrative Code, under the standards adopted by the Supreme Court in Massachusetts Bd. of Retirement v Murgia (supra), the city need not adopt the best method of accomplishing its objective.
With respect to the veteran’s exception to the subject provision, the privileges and preferences given to veterans, such as a deduction of military time from maximum age requirements, have long been upheld as constitutionally permissible and are viewed as society’s expression of gratitude for the veterans’ sacrifice and the disruption of their lives by military service (see, e.g., Matter of Rubin v Conway, 273 App Div 559, affd 298 NY 711; Matter of Rahill v Bronstein, 32 NY2d 417). In another context, the dissimilar treatment in excepting only certain applicants from the maximum age limitation for New York State Police was recently held proper (Matter of Schatzel v Connelie, 61 NY2d 940; see also, Matter of Polli v Connelie, 78 AD2d 151). The Superintendent of the New York State Police extended the age limit for certain State Police candidates pursuant to Executive Law § 215 (3) but refused to do so with respect to other candidates. Although the constitutionality of Executive Law § 215 (3) was not challenged on appeal to the Court of Appeals, the Appellate Division, Third Department, noted that even a declaration of unconstitutionality “would leave a proper maximum age limitation of 29 years fully intact” (Matter of Polli v Connelie, supra, p 153). The exceptions to maximum age limitations, whether based on veteran’s status or undefined discretion as in Executive Law § 215 (3), do not affect the validity of the age limitation as a bona fide occupational qualification. The denial of appointments as New York City police officers because of the age limitation of Administrative Code § 434a-8.0 has been consistently upheld (see, Matter of McInerney v Valentine, 181 Misc 1062; Matter of Iannicelli v Civil Serv. Commn., 281 App Div 519) and this court sees no reason to change that pattern now.
Accordingly, the application is denied and the petition is dismissed.