■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of JOSEPH ARNONE, Respondent-Petitioner, v COUNTY OF MONROE, et al., Petitioners-Respondents.—Determinations annulled, on the law, without costs, and complaint dismissed. Memorandum:

In *State Div. of Human Rights v County of Monroe* (73 AD2d 1058, *lv denied* 50 NY2d 805), we reserved decision and remanded for further proof and findings concerning "the duties and responsibilities of a deputy sheriff-patrol and the similarities and/or differences between that position and a police officer". After a hearing, the administrative law judge determined that the proof concerning the nature of the deputy sheriff-patrol position and its similarity to that of police officer was irrelevant because it related to circumstances occurring during and after October 1975 whereas the complainant was initially rejected for the position in June 1975. This was error. The administrative law judge expressly found that there was continuing discrimination until complainant's final interview in April 1976 and, based on that finding, rejected petitioner's contention that the complaint was not filed within one year of the date of the discriminatory conduct. The evidence concerning circumstances existing in October 1975 and thereafter was, therefore, relevant.

Considering all of the evidence, including proof of the circumstances after October 1975, we find that petitioners have made a convincing and virtually unrefuted demonstration that the positions of deputy sheriff-patrol and police officer are similar and that the nature of the deputy sheriff-patrol position is such that age is a bona fide occupational qualification. A finding to the contrary could not be supported by substantial evidence.

All concur, except Callahan, J., who dissents and votes to confirm the determination dated March 14, 1984, in the following memorandum.

Callahan, J. (dissenting.) The determination should be confirmed. Based on the record of the hearing held on remittitur, the Commissioner determined that "respondents have failed to proffer any legitimate similarities between the duties and responsibilities of a deputy sheriff-road patrol position and that of a police officer under Civil Service which would justify the adoption of the Civil Service age requirement as a bona fide occupational qualification requirement for said position." The Commissioner weighs the evidence and chooses between conflicting testimony *(see, Matter of Collins v Codd,* 38 NY2d 269, 270; *State Div. of Human Rights v Genesee Hosp.,* 85 AD2d 899). It was not improper to limit the evidence to 1975, the particular time period in question, since the Commissioner had found that Arnone was discriminated against in a June 1975 incident regarding the patrol position and not in the 1976 incident regarding the prisoner transport position. The fact that the administrative law judge rejected respondents' Statute of Limitation contentions on a finding of continuing discrimination does not render proof applicable

to another period relevant to the time in issue. The issue of timeliness was never raised on appeal. Since the Commissioner's findings that respondents failed to submit persuasive, relevant proof as to job similarities are supported by sufficient evidence in the record as a whole, they are conclusive (Executive Law § 298) and should not be disturbed *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 424). (Resubmission of proceedings pursuant to Executive Law § 298.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.