**Alan M. CRANE, Plaintiff,**

v.

**Alan SCHNEIDER, as Personnel Officer of the Suffolk County Department of Civil Service; Suffolk County; Karen S. Burstein, as President of the New York State Civil Service Commission and as Head of the New York State Department of Civil Service; and John P. Finnerty, as Sheriff of Suffolk County, Defendants.**

**No. CV 85–3974.**

United States District Court,
E.D. New York.

June 3, 1986.

Regina Seltzer, Bellport, N.Y., for plaintiff.

Robert Abrams, N.Y. State Atty. Gen. by Robert K. Drinan, Mineola, N.Y., for defendant Burstein.

Snitow & Pauley by William H. Pauley, III, New York City, for defendants Schneider, Suffolk County and Finnerty.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Alan M. Crane brings this action seeking reinstatement to the Suffolk County Civil Service List of those eligible for the position of "Deputy Sheriff I" and a declaration that his removal from the list violated his rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, § 1, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621–634 ("ADEA"). Crane now moves for summary judgment. Defendants Suffolk County, Alan Schneider, Personnel Officer of the Suffolk County Department of Civil Service ("County Department"), and John P. Finnerty, Sheriff of Suffolk County, cross-move for dismissal of plaintiff's complaint. Defendant Karen S. Burstein, the President of the New York State Civil Service Commission and Head of the New York State Department of Civil Service, cross-moves for dismissal of the complaint or, in the alternative, for the awarding of summary judgment in favor of Burstein.

## FACTS

In the fall of 1982, Crane filed a Civil Service application with the County Department to take the open-competitive examination for the position of "Deputy Sheriff 1". The application form describes the position

as follows: "Has responsibility for the serving of legal processes and the transporting and guarding of prisoners in court. Performs related work as required." Candidates for the position are required to pass four tests, namely, a written examination, a comprehensive medical evaluation, a psychological evaluation, and a physical fitness screening test, and must possess a high school or high school equivalency diploma. Candidates must be between the ages of twenty and thirty five at the time they take the written examination and "[t]he names of those candidates who have not been appointed by their computed 36th birthday shall be removed from the eligible list."

Crane, who was born on April 9, 1948, took the written examination on December 11, 1982. On December 2, 1983, he was officially notified that he had passed the examination and that his ranking on the list of candidates was number twenty four. Crane undertook his medical and psychological evaluations on February 14, 1984 and his physical fitness screening test on April 7, 1984. He passed all these tests and was informed that he was now eleventh on the list. Two days later, however, Crane turned thirty six and, in or about the second week of May, 1984, he was officially notified that his eligibility for a position as a deputy sheriff had expired upon his thirty sixth birthday.

### EQUAL PROTECTION

Plaintiff first contends that his removal from the list of those eligible for a position as a deputy sheriff because of his age violates the equal protection clause of the Fourteenth Amendment, U.S. CONST. amend. XIV, § 1.

§ 54 of the New York State Civil Service Law states:

*Age Requirements*

Notwithstanding any provision of law to the contrary, except as herein provided, neither the state civil service department nor the state civil service commission, nor any municipal civil service commission shall prohibit, prevent, disqualify, or discriminate against, any person who is physically and mentally qualified, from participating in a civil service examination or from qualifying for a position in the classified civil service, or penalize any such person in a final rating by reason of his or her age; and any such rule, requirement, resolution, regulation or penalization shall be void. Nothing herein contained, however, shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive examinations for positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law. Minimum age requirements shall in no case prohibit an applicant who is within six months of the minimum age requirement from taking any competitive examination. Nothing herein contained shall be construed to prohibit the disqualification, on account of age, of any applicant for a position who has reached the mandatory requirement age applicable by law to such position.

Pursuant to § 54, Suffolk County adopted the age thirty six cutoff for eligibility for the position of deputy sheriff.

■ Statutory or regulatory classifications on the basis of age must be evaluated for purposes of equal protection challenges under the "rationality" standard, *i.e.,* such classifications are constitutionally acceptable so long as they are rationally related to furthering a legitimate state interest. *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). The "rationality" standard is a "relatively relaxed" one which reflects judicial awareness that the drawing of lines that create distinctions is an unavoidable task for which the legislative and administrative branches of government are more suited than the courts and that such formation of categories should be viewed as presumptively valid. *Massachusetts Board of Retirement,* 427 U.S. at 314, 96 S.Ct. at 2567.

Defendants argue that the age limitation on deputy sheriffs is rationally related to the government's legitimate interest in employing healthy and vigorous individuals in jobs which entail strenuous activity and ensuring that candidates for deputy sheriff are physically able and capable of being trained for a position which requires extraordinary physical effort. Plaintiff does not dispute that the government's interest is legitimate, but questions the rational relationship of the age limitation to that interest.

The New York Court of Appeals has confronted the issue of age limitations established pursuant to § 54 in a situation highly analogous to the case at bar. In *Figueroa v. Bronstein,* 38 N.Y.2d 533, 381 N.Y.S.2d 470, 344 N.E.2d 402 (1976), *appeal dismissed,* 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67 (1976), the Court of Appeals concluded that a New York State Civil Service Commission regulation setting age thirty two as the maximum age for applications for appointment as correction officers was not violative of equal protection. New York's highest court stated, in language this Court finds both highly persuasive and applicable to the instant case:

> In our view, considering the duties and responsibilities of correction officers, often calling for the instantaneous availability, if not the use, of "extraordinary physical effort", in the circumstances of their performance of service, it is reasonable to set a maximum entry age of 32 years. Not only is it necessary to assure physical qualification on entry into the correction service, it is also desirable to anticipate continuing qualification for an extended period of service. Thus, it was not irrational either to establish an age requirement or to fix that age at 32 years. It is no infirmity that another age might also have rationally been selected.

38 N.Y. at 535–36, 381 N.Y.S.2d at 471, 344 N.E.2d at 403–04.

 Similarly, the Court finds a clear rational relationship between the government's legitimate interest in employing as deputy sheriffs only those who are qualified for the position physically and otherwise, and the establishment as age thirty six as a point beyond which no applicants will be hired. Deputy sheriffs, who, among their other duties must guard and transport prisoners, must maintain themselves in excellent physical condition. It is a fact of human existence, albeit perhaps an unfortunate one, that physical capabilities decline with age. It is therefore reasonable for Suffolk County to adopt age thirty six as an age beyond which individuals may not for the first time become deputy sheriffs. While this particular means of attempting to achieve the government's purposes may not be in all respects ideal, perfection is not necessary for governmentally imposed limitations and classifications to pass constitutional muster. Where rationality is the test, the equal protection clause is not violated merely because legal categorizations may be imperfect to some degree. *Massachusetts Board of Retirement,* 427 U.S. at 314, 316, 96 S.Ct. at 2567, 2568; *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970).

Additionally, plaintiff originally argued that § 54 and N.Y.Civ.Serv.L. § 58(1)(a), which sets a maximum age of twenty nine for the appointment of police officers, use almost identical wording regarding age classifications and are analogous in both language and rationale. § 58(1)(a) provides, in relevant part:

> 1. Notwithstanding any other provision of this law or any general, special or local law to the contrary, no person shall be eligible for provisional or permanent appointment.... as a police officer.... unless he shall satisfy the following basic requirements:
>
> (a) he is not less than twenty nor more than twenty-nine years of age....

On March 19, 1986, however, the Second Circuit handed down its decision in *Doyle v. Suffolk County,* 786 F.2d 523 (2d Cir.1986), upholding the constitutionality of § 58(1)(a) against an equal protection challenge. The Second Circuit noted that while it was un-

doubtedly true that many persons above the age of twenty nine could adequately perform the duties of police officers, the legislature could rationally conclude that the pool of those above this age would yield a proportionately smaller group of qualified candidates than would a group of younger applicants. Once that decision was made, some line had to be drawn. This line did not have to be perfect and, in drawing such a line, the legislature was entitled to consider the advantages of limiting appointment to younger individuals, who are more likely to remain physically able to carry out their responsibilities as police officers for a substantial period of time. *Doyle*, 786 F.2d 523, 528–29.

Plaintiff now attempts to distinguish §§ 54 and 58(1)(a) on the grounds that § 58(1)(a) applies only to police officers and sets forth on the face of the statute specific age requirements rather than allowing the adoption of "reasonable" age restrictions. The Court finds plaintiff's original position to be more convincing than his attempt to avoid *Doyle's* devastating implications for his case. In any event, even if the Second Circuit's opinion in *Doyle* is not necessarily determinative of the disposition of the case now before this Court, the Court finds *Doyle's* logic equally applicable to Crane's lawsuit. The line drawn with regard to deputy sheriffs is even less restrictive than that approved by the Second Circuit in *Doyle*, and plaintiff has nowhere attempted to dispute the legitimacy of the government's effort to assure that persons hired to be deputy sheriffs, no less than those chosen to become police officers, remain physically able to perform their duties for many years to come.

### AGE DISCRIMINATION IN EMPLOYMENT ACT

■ Plaintiff also contends that his removal from the list of eligible applicants violates the ADEA. The express purpose of the ADEA is "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employees and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). The ADEA, however, protects only persons "who are at least 40 years of age but less than 70 years of age." 29 U.S.C. § 631(a). The statute is plainly inapplicable to Crane, a man in his thirties, and plaintiff's contention that he possesses rights under the ADEA that defendants violated is plainly frivolous.[1]

### CONCLUSION

For the reasons set forth above, the Court holds that plaintiff's removal from the Suffolk County Civil Service List of those eligible for the position of "Deputy Sheriff I" did not violate any rights guaranteed or conferred by the equal protection clause of the Fourteenth Amendment to the United States Constitution or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. Accordingly, the Court hereby denies plaintiff's motion for summary judgment and grants defendants' motions to dismiss plaintiff's complaint. The Clerk of the Court is directed to enter judgment in favor of defendants, dismissing plaintiff's complaint.

SO ORDERED.

---

1. Plaintiff's attempt to argue that the Second Circuit's decision in *Hahn v. City of Buffalo*, 770 F.2d 12 (2d Cir.1985), directs a contrary conclusion is patently incorrect. The *Hahn* Court specifically noted that only those plaintiffs forty or older have standing to pursue an ADEA claim. 770 F.2d at 14.