■ KAREN WALTER et al., Respondents, v CITY OF NEW YORK POLICE DEPARTMENT, Appellant. [680 NYS2d 519] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about October 16, 1997, which, in an action for, *inter alia*, a declaration that defendant New York City Police Department is equitably estopped from invoking Administrative Code of the City of New York § 14-109 to deny plaintiffs entry in the New York City Police Academy, insofar as appealed from, denied the Department's motion to dismiss the cause of action for such relief for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs, representatives of a group of about 62 candidates for appointment to the Police Department, all passed the civil service written examination given in June 1996, and were subsequently determined to be otherwise qualified for appointment to the Police Academy class entering April 15, 1997, other than the fact that they were 35 years old or older as of March 26, 1996, the last day for filing applications, which rendered them ineligible for appointment by operation of the age limitation of Administrative Code § 14-109 (a). However, as of March 26, 1996, section 14-109 was not in effect, by reason of the Federal Age Discrimination in Employment Act (29 USC § 621 *et seq.* [ADEA]), and the Department repeatedly assured plaintiffs that their age would not be a consideration in appointment. On September 30, 1996, after plaintiffs took the written examination, an exception to the ADEA permitting age restrictions in the hiring of law enforcement officers, which had expired on December 31, 1993, was restored, without the sunset provision (*see,* 29 USC 623 [j]). Nevertheless, the Department allegedly continued to tell plaintiffs that their age would not disqualify them from appointment, and plaintiffs were requested to sign an "Age Computation Sheet", which stated in bold letters: "THERE IS NO MAXIMUM AGE REQUIRE-MENT FOR POLICE OFFICER OR CORRECTION OFFICER". Many of the plaintiffs allegedly left their jobs or sold their businesses in

reliance upon the Department's oral statements that they had been approved for entry to the Police Academy, and they were also required to voucher their personal firearms for safekeeping during their training. Sometime between April 9 and 11, 1997, the Department decided to apply the age provisions of section 14-109 to the April 15, 1997 Academy class, and advised plaintiffs that they did not qualify for entry.

Had section 14-109 been in full force and effect at all times, equitable estoppel could not be invoked against the Department, because it would be without power to disregard the statutory mandate and appoint a person who is ineligible for appointment by legislative command (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *cert denied* 488 US 801; *Matter of Wolff v Hodson*, 285 NY 197, 202; *Matter of Katz [Goldwater]*, 260 App Div 495, 497-498, *affd* 285 NY 830; *Matter of Iannicelli v Civil Serv. Commn.*, 281 App Div 519, 520). However, equitable estoppel is available against the Department with respect to its discretionary actions, i.e., matters over which it has the power to decide (*see, Matter of Wolff v Hodson, supra*, at 201-202; *Doctors Council v New York City Employees' Retirement Sys.*, 127 AD2d 380, 393, *revd in part on other grounds* 71 NY2d 669), e.g., whether to invoke section 14-109. While the reinstated law enforcement officers exception to the ADEA permitted the application of previously enacted statutes containing age restrictions, it did not require such reapplication. Thus, under these limited circumstances, plaintiffs have stated a cause of action for estoppel against the Department for its inconsistent and belated determination to apply newly permitted section 14-109 retroactively to plaintiffs, rather than prospectively only. Although plaintiffs do not possess an entitlement to appointment to either the Police Department or the Police Academy, they do have the right to be fairly considered for appointment and may not be excluded on impermissible grounds (*see, Matter of Andriola v Ortiz*, 82 NY2d 320, 325, *cert denied sub nom. Andriola v Antinoro*, 511 US 1031).

We note that during the pendency of this appeal, the City Council enacted Local Laws, 1998, No. 23 of the City of New York, which prohibits the retroactive application of Administrative Code § 14-109 and is currently being contested by the Department in a separate action. The validity of this Local Law is not before us and we decline to comment thereon. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.