Matter of Reveron v New York State Off. of Ct. Admin. (2021 NY Slip Op 07528)





Matter of Reveron v New York State Off. of Ct. Admin.


2021 NY Slip Op 07528


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Gesmer, González, Rodriguez, JJ. 


Index No. 155180/19 Appeal No. 14934 Case No. 2020-01768 

[*1]In the Matter of Maribel Reveron, Petitioner,
v
The New York State Office of Court Administration et al., Respondents.


Kyle B. Watters, P.C., Bayside (Kyle B. Watters of counsel), for petitioner.
Eileen D. Millett, Office of Court Administration, New York (Pedro Morales of counsel), for respondents.



Determination of respondents, dated December 7, 2018, which, after a hearing, sustained charges that petitioner failed to report her possession of a firearm to the Unified Court System (UCS), suspended her for 10 days without pay, and issued a letter of reprimand, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County (W. Franc Perry, III, J.], entered October 18 , 2019) dismissed, without costs.
Substantial evidence supports the determination that petitioner failed to report that she owned a firearm before being hired by UCS in 2001, despite receiving peace officer firearm training in 2009 and recertification training annually thereafter, during which she was expressly instructed to report all firearms in her possession (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]; see also Penal Law § 400.00[12-c][a]). The doctrine of equitable estoppel based on the representations of petitioner's supervisor four years earlier does not bar disciplinary action, given the explicit training petitioner received concerning the reporting requirement, which was in effect at all times (compare Matter of Brady Props. v New York City Loft Bd., 269 AD2d 137, 138-139 [1st Dept 2000] [loft board equitably estopped to deny retroactive rent increases to landlord who was not only not informed of relevant policy change but actively misled by a hearing officer about the need to apply for such increases]; Walter v City of New York Police Dept., 256 AD2d 8 [1st Dept 1998] [police department equitably estopped from invoking statutory age limitation on appointment to department after repeatedly assuring plaintiffs that their age would not be a consideration in appointment]).
Under the circumstances, we do not find the penalty shocking to our sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; e.g. Matter of Rosenblatt v New York City Admin. for Children's Servs., 36 AD3d 458, 458 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021